Artee WILLIAMS, Director of the Arkansas Employment
Security Department *v.* WAYNE FARMS, LLC

06-571                                                243 S.W.3d 316

Supreme Court of Arkansas
Opinion delivered November 16, 2006

*Roger B. Harrod*, General Counsel, Arkansas Dep't of Workforce Servs.; *H. Don Denton, Jr.*, Associate General Counsel, for appellant.

*Baxter & Jewell*, P.A., by: *John M. Jewell*, for appellee.

ANNABELLE CLINTON IMBER, Justice. This is a case involving the transfer of a predecessor employing unit's experience rating to a successor employing unit under the Arkansas Employment Security Law, codified at Ark. Code Ann. §§ 11-10-101 through 11-10-902 (Repl. 2002 & Supp. 2005). More specifically, the issue on appeal involves the interpretation of Ark. Code Ann. §§ 11-10-710 and 11-10-719. We affirm the judgment of the circuit court in part and reverse and remand in part.

Appellant Artee Williams is the director of the Arkansas Employment Security Department (AESD), a state agency which, among its other responsibilities, is charged with collecting unemployment contributions by employers within this state. Appellee Wayne Farms, LLC (Wayne Farms), is a single member limited liability company organized under the laws of Delaware and registered to do business in Arkansas since April 5, 2000. The single owner of Wayne Farms is ContiGroup Companies, Inc. (ContiGroup), a Delaware corporation registered to do business in Arkansas since May 26, 1960.

On or about May 3, 2000, ContiGroup transferred all of its right, title, and interest in the assets of ContiGroup's poultry operations to Wayne Farms and effective July 1, 2000, all Arkansas employees of ContiGroup became employees of Wayne Farms. The transfer included all of the places of business, all of the assets, and all of the employees of ContiGroup located in Arkansas. Prior to the transfer, Wayne Farms was not an employer in Arkansas and ContiGroup had paid all contributions to AESD which were due. After the transfer, Wayne Farms continued ContiGroup's business in Arkansas with no interruption from prior business activities. For the calendar year 2000, ContiGroup had been assigned an experience rating (or tax rate) of 0.70% by AESD.

On or about May 23, 2000, Barbara Mistarz, assistant secretary of ContiGroup and vice-president and general counsel of Wayne Farms, filed a Form 201 status report with AESD. One question on the form was "What portion of the business was acquired?" followed by an instruction to check one of two possible answers: "all" or "part (specify percentage) ___." The box labeled "part" was checked but no percentage was specified. Both AESD and Wayne Farms have stipulated that the box marked "all" should have been checked because all of ContiGroup's business in Arkansas had been acquired by Wayne Farms. The form also asked if the business in Arkansas was acquired from another legal entity. The response to that question was "ContiGroup Companies, Inc."

AESD received the May 23 status report on May 30, 2000, and based on the responses given in that report, the agency concluded that the status report was filed by the successor company, Wayne Farms.

AESD stipulated that its policy is to give a successor employer the same experience rating as the predecessor employer, whether the sale of the business was for all or part of the assets. Nonetheless, the complete or partial transfer of experience may affect the experience rating of the predecessor employer. The agency therefore strives to ensure that both the successor and predecessor employers agree that the transfer is proper.

On June 29, 2000, AESD sent ContiGroup a letter requesting that it submit a form (Form 236) to confirm the change in ownership reported on the status report. The letter, which was sent by regular mail stated, in part, "If you do not respond within two weeks of the date of this letter, our office will complete the requested documents and process them with the best information available." Upon receiving no response from ContiGroup, AESD concluded that there would be no transfer of experience rating and, in a July 21, 2000 letter, notified Wayne Farms that it would receive an experience rating of 2.9% plus the appropriate stabilization rating of 3.3%. AESD does not dispute that ContiGroup's more favorable experience rating would have been transferred to Wayne Farms had a Form 236 been submitted.

Also on July 21, 2000, AESD sent Wayne Farms a Corrected 2000 Experience Rating Notice. The notice disclosed a thirty-day protest period, ending on August 20, 2000. Subsequent annual-experience-rating notices for the years 2001, 2002, and 2003 were sent to Wayne Farms on December 31, 2000, December 20, 2001, and December 19, 2002, respectively. Each notice advised Wayne Farms of the thirty-day deadline to protest the experience rating. Wayne Farms did not protest any of the notices and paid the unemployment contributions at the rate assigned to it by AESD. Meanwhile, on October 1, 2001, ContiGroup sent AESD a letter stating that as of July 1, 2000, it had no employees in Arkansas.

On November 6, 2003, Richard Ferrari of Ernst & Young, representing both ContiGroup and Wayne Farms, sent AESD a letter via fax stating "we believe Wayne Farms has incurred an artificial increase in its historical state unemployment tax liability resulting from the new employer tax rate assignment." That same day, November 6, 2003, AESD sent Ferrari a letter stating that

ContiGroup's account was terminated effective July 1, 2000. It also stated that the account for Wayne Farms was established effective the same day and there was no indication that Wayne Farms was a continuation of another business. Additionally, the letter explained that AESD determined from the information provided that an account for Wayne Farms should be established as a new account, and a new employer rate was assigned. Ultimately, AESD concluded that Ark. Code Ann. § 11-10-710(d)(2)(A) (Supp. 2005) only permitted the agency to make a re-determination within one year of the original determination. Consequently, AESD would not be able to transfer the experience rating of ContiGroup to Wayne Farms retroactive to July 1, 2000. In sum, based on the status report filed by Wayne Farms and the lack of a Form 236 filing by ContiGroup, AESD declined to transfer ContiGroup's experience rating to Wayne Farms. The parties nonetheless agree that if AESD had transferred Conti-Group's experience rating as of July 1, 2000, Wayne Farms would have paid $1,166,291 less in unemployment contributions through the end of 2004. For the year 2005, AESD assigned Wayne Farms a minimum tax rate of 0.9% due to its favorable unemployment experience for the years 2000 through 2004.

AESD's determination by letter dated November 6, 2003, also advised Wayne Farms of its right to "appeal this determination to [Circuit] Court as provided for in A.C.A. 11-10-710(d)(3)." Wayne Farms timely appealed the November 6, 2003 determination by filing a petition in Yell County Circuit Court on November 25, 2003. AESD responded, arguing that its determination was made pursuant to Ark. Code Ann. § 11-10-702 (Repl. 2002), not Ark. Code Ann. § 11-10-710(a) or (b) (Supp. 2005). In the alternative, AESD asserted that if § 11-10-710 was applicable, the refund of contributions is a matter left to the discretion of the agency's director under Ark. Code Ann. § 11-10-719 (Repl. 2002).

The circuit court ruled that Ark. Code Ann. § 11-10-710(a) or (b) applied and that ContiGroup's employment experience rating of 0.70% for the years 2000, 2001, 2002, and 2003 should have been transferred to Wayne Farms. The court additionally found that as the predecessor employer, ContiGroup did not receive notice of AESD's determination until November 2003. Finally, the court ruled that Wayne Farms be awarded judgment against AESD in the amount of $1,166,291. From that judgment, AESD now appeals.

This court reviews issues of statutory construction under a *de novo* standard. *Cooper Clinic v. Barnes*, 366 Ark. 533, 237 S.W.3d 87 (2006). As it is for the appellate court to decide what a statute means, the court is not bound by the trial court's determination of the statute's meaning. *Id.* However, in the absence of a showing that the trial court erred, the interpretation of the statute will be accepted as correct on appeal. *Middleton v. Lockhart*, 344 Ark. 572, 43 S.W.3d 113 (2001).

In bench trials, the standard of review on appeal is not whether there is substantial evidence to support the finding of the court, but whether the judge's findings were clearly erroneous or clearly against the preponderance of the evidence. *Taylor v. Hinkle*, 360 Ark. 121, 200 S.W.3d 387 (2004). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a firm conviction that an error has been committed. *Id.* Facts in dispute and determinations of credibility are within the province of the fact-finder. *Id.*

■ In its first two points on appeal, AESD challenges the applicability of Ark. Code Ann. § 11-10-710(a) and (b) to the transfer of ContiGroup's experience rating to Wayne Farms. Section 11-10-710(a) and (b), which governs the transfer of an employing unit's experience rating, provides:

> (a)(1) *Any employing unit which acquires* the organization, trade, and all of the places of business and *substantially all of the assets of any employer,* excepting, in any such case, any assets retained by the employer incident to the liquidation of the employer's obligations, whether or not the acquiring employing unit was an employment unit within the meaning of § 11-10-208 prior to the acquisition, *and which continues the organization, trade, or business as indicated by retaining the predecessor's three-digit, North American Industry Classification Code, shall assume for the purpose of determining the contribution rate of the employing unit after the acquisition, the position of the employer with respect to the employer's separate account,* actual contributions, and *regular benefit experience,* annual payrolls, liability for current or delinquent contributions, interest, and penalty, and otherwise as if no change with respect to the separate account, actual experience, and payrolls or the position of the employer otherwise had occurred and with the same effect for the purpose as if the operations of the employer had at all times been carried on by the employing unit.

(2)  The separate account shall be transferred by the Director of the Department of Workforce Services to the employing unit and, as of the date of the acquisition, shall become the separate account or part of the separate account, as the case may be, of the employing unit, and the regular benefits thereafter chargeable to the employer on account of employment prior to the date of the acquisition shall be charged to the separate account.

(b)(1)  However, notwithstanding any other provision of this chapter, if any individual, legal entity, or other *employing unit acquires a segregable and identifiable portion of the business of any employer*, whether the acquisition is the result of reorganization, purchase, inheritance, receivership, or for any other cause, *and if the successor desires to obtain any benefit of the predecessor's experience, the successor must file with the director a petition, signed by all interested parties, within thirty (30) days after the transfer setting out the percentage of the predecessor's experience that should be transferred to the successor's account* of the actual contributions, regular benefit experience, annual payrolls, payment of contributions, and otherwise as if no change with respect to the segregable and identifiable portion of the separate account had occurred with the same effect and the purposes as if the operation of the employer had at all times been carried on by the predecessor employing unit, and it is found by the director that all contributions due by the predecessor employing unit have been paid.

(2)  If the director finds the facts substantially as represented, he or she shall transfer from the predecessor to the successor the proportionate share of the predecessor's experience.

Ark. Code Ann. § 11-10-710(a)-(b) (Supp. 2005) (emphasis added). AESD claims that because it received no confirmation from the predecessor employer that either a partial or complete transfer of assets had occurred, a new employer's rate was assigned to Wayne Farms pursuant to Ark. Code Ann. § 11-10-702 (Repl. 2002). Additionally, AESD contends that Wayne Farms failed to substantially comply with the requirements of § 11-10-710(b). Here, there is no dispute that ContiGroup transferred all its right, title, and interest in the assets of ContiGroup's poultry operations in Arkansas to Wayne Farms and effective July 1, 2000, all Arkansas employees of ContiGroup became employees of Wayne Farms. Indeed, both parties stipulated that "all" should have been checked on the status report because all of the business of ContiGroup in Arkansas was acquired by Wayne

Farms.[1] Furthermore, the report submitted by Wayne Farms to AESD reflected that ContiGroup's North American Industry Classification Code would be retained by Wayne Farms. It is also undisputed that the report signed by Ms. Mistarz indicated that "part" of the business was acquired, although no percentage was specified. Based on these undisputed facts, we cannot say that the circuit court erred in concluding that "AESD was aware it was dealing with the acquisition of a business which would require a determination under A.C.A. 11-10-710(a) or (b)." In other words, the information disclosed in the status report reflected that either a partial or complete transfer of assets had occurred. We therefore affirm the circuit court on the first two points on appeal.

For its third point on appeal, AESD asserts that it provided proper notice of its determination to transfer ContiGroup's experience rating to Wayne Farms. Once again, AESD challenges the applicability of § 11-10-710 based upon its decision to assign Wayne Farms a new employer rate under the general provisions of Ark. Code Ann. § 11-10-702. Likewise, AESD claims that ContiGroup was put on constructive notice of the rate assignment each time that notice was sent to Wayne Farms pursuant to Ark. Code Ann. § 11-10-707 (Repl. 2002).

We have already upheld the circuit court's ruling that § 11-10-710 was the applicable statute for the transfer of ContiGroup's experience rating to Wayne Farms upon its acquisition of all or part of ContiGroup's business. Section 11-10-710 specifically sets out the requirements for notice of a determination under subsection (a) or (b) of that section:

> (A) The director shall give notice of the determination he or she makes under subsection (a) or (b) of this section to the predecessor employer, unless the employer has consented to the transfer experience, and to the successor employer.

> (B) The notice shall become conclusive and binding upon the employer unless, within (20) days after the mailing of the notice or

---

[1] Pursuant to this stipulation, there would be no need to comply with the statutory requirements for a partial transfer of assets under Ark. Code Ann. § 11-10-710(b) (Supp. 2005). Consequently, AESD's reliance upon our holding in *Gill v. Arkansas Employment Security Division*, 306 Ark. 164, 812 S.W.2d 114 (1991), is misplaced. The requirement in § 11-10-710(b) that the successor file a petition "signed by all interested parties" would not apply where the acquisition of a business involves a complete transfer of assets.

notices thereof to the employers' last known mailing address, one of the employers files an application for review and redetermination setting forth the employer's reasons therefor.

Ark. Code Ann. § 11-10-710(d)(1) (Supp. 2005). The plain language of § 11-10-710(d)(1) stipulates that notice of the determination under subsection (a) or (b) shall be given to the predecessor employer, unless the employer has consented to the transfer of experience, and notice shall be given to the successor employer. In the instant case, notice of such a determination did not occur until the November 6, 2003 letter from AESD to Richard Ferrari of Ernst & Young. In fact, AESD admitted in its answer to Wayne Farms's petition that the November 6, 2003 letter made a determination that ContiGroup's experience rating was not transferable to Wayne Farms. The letter also gave notice of the statutory right to appeal AESD's determination under Ark. Code Ann. § 11-10-710(d)(3) (Supp. 2005).

AESD nonetheless contends that Wayne Farms was given notice of the experience rating assigned to its account by letter dated July 21, 2000. Similar annual-experience-rating notices were sent to Wayne Farms on December 31, 2000, December 20, 2001, and December 19, 2002, with the thirty-day protest deadline shown on each notice. Because Wayne Farms did not protest the rates reflected on the annual notices, AESD claims that those rates must be deemed conclusive and binding on the employer in accordance with Ark. Code Ann. § 11-10-707(c) (Repl. 2002). We disagree.

The annual notices sent to Wayne Farms were issued pursuant to § 11-10-707(c), not § 11-10-710(d)(1); that is, AESD sent notice to the employer of the employer's rate of contribution. Prior to November 2003, the agency never sent notice of a determination under § 11-10-710(a) or (b) to both the predecessor employer (ContiGroup) and the successor employer (Wayne Farms), as specifically required by § 11-10-710(d)(1).[2] The experience of a predecessor employer may be affected by the transfer of its experience rating to a successor employer "unless the [predecessor] employer has consented to the transfer of experience." Ark. Code Ann. § 11-10-710(d)(1)(A). Furthermore, without the requisite notice to both employers, a determination under § 11-

---

[2] We note that the June 29, 2000 letter sent to ContiGroup did not give notice of the determination under § 11-10-710(a) or (b).

10-710(a) or (b) does not "become conclusive and binding upon the employers." Ark. Code Ann. § 11-10-710(d)(1)(A)-(B).

While the general provisions of § 11-10-707 do provide for the finality of contribution rates assigned to employers, the General Assembly also enacted specific provisions for the finality of determinations involving the transfer of an employing unit's experience rating when there is either a partial or complete transfer of assets. *See* Ark. Code Ann. § 11-10-710(d)(1). It is a well-settled principle of law that a general statute does not apply when a specific one governs the subject matter. *Daimler Chrysler Servs. N. Am., LLC v. Weiss*, 360 Ark. 188, 200 S.W.3d 405 (2004); *Barclay v. First Paris Holding Co.*, 344 Ark. 711, 42 S.W.3d 496 (2001). Consequently, we hold that the specific provisions of § 11-10-710(d)(1) govern the subject matter at issue here.

■ The circuit court ruled that AESD did not give the required notice of its original determination under § 11-10-710 to both the predecessor employer, ContiGroup, and the successor employer, Wayne Farms, until November 2003, at which point Wayne Farms timely appealed that determination by filing a petition in Yell County Circuit Court.[3] Based upon the plain language of the statutory provisions governing the transfer of an employing unit's experience rating and the undisputed and stipulated facts, we affirm the circuit court on this point.

For its final point on appeal, AESD contends that even if Wayne Farms erroneously paid contributions, it still is not necessarily entitled to a refund under law or in equity. Conversely, Wayne Farms asserts that the contributions were erroneously paid and that, under law and equity, it is entitled to a refund.

Arkansas Code Annotated § 11-10-719 (Repl. 2002) provides in pertinent part:

(a)(1) *If not later than three (3) years after the date of payment of any amount as a contribution*, interest, or penalty pursuant to this chapter, *any employer* who has made such a payment *makes application for an adjustment* thereof in connection with a subsequent contribution,

---

[3] As no redetermination is at issue here, AESD's reliance upon Ark. Code Ann. § 11-10-710(d)(2)(A), which gives the director authority to make a redetermination within one year of the original determination, is misplaced.

interest, or penalty payment, *or for a refund because the adjustment cannot be made*, and the Director of the Department of Workforce Services determines that payment of the contribution, interest, or penalty, or any portion thereof, was erroneous, *the director may allow the employer to make an adjustment of the amount erroneously paid*, without interest, in connection with subsequent contribution, interest, or penalty payments by the employer.

(2) *If the adjustment cannot be made, the director may refund*, without interest, from the Unemployment Compensation Fund or from the Employment Security Special Fund, as applicable, *the amount erroneously paid*.

Ark. Code Ann. § 11-10-719 (Repl. 2002) (emphasis added). According to AESD, there are two constraints on an employer's receipt of a refund. First, there must have been an erroneous payment of taxes. Second, a reading of the statute makes it clear that any potential refund is discretionary with AESD's director. And, based on the Arkansas Court of Appeals's decision in *Arkansas Employment Security Division v. Bearden Lumber Co., Inc.*, 5 Ark. App. 71, 632 S.W.2d 438 (1982), AESD maintains that even if there were overpayment, Wayne Farms waited too long to seek redress.[4]

█ In view of our prior holdings in this appeal, we need only address the provisions of Ark. Code Ann. § 11-10-719 that contemplate either an adjustment or a refund of erroneous contribution payments. As a threshold matter, we decline to adopt AESD's suggestion that the discretion accorded to its director in connection with refunds or adjustments would include the authority to reject both an adjustment and a refund for amounts erroneously paid by an employer. Such a construction would be contrary to basic principles of equity, and the General Assembly's enactment of a specific provision for refunds would be rendered meaningless. Furthermore, § 11-10-719 provides the employer with a three-year grace period to make the requisite application for an adjustment or refund. More importantly, the cardinal rule in construing tax legislation is that ambiguity or doubt must be resolved in favor of the taxpayer. *Leathers v. Active Realty, Inc.*, 317

---

[4] The *Bearden* case involved an untimely application for review under the statute now codified at Ark. Code Ann. § 11-10-707(b) and (c), unlike the timely appeal by Wayne Farms in accordance with § 11-10-710(d)(3).

Ark. 214, 876 S.W.2d 583 (1994); *Pledger v. The Grapevine, Inc.*, 302 Ark. 18, 786 S.W.2d 825 (1990).

The circuit court specifically ordered AESD to immediately refund to Wayne Farms the sum of $1,166,291, which was erroneously paid. Section 11-10-719(a), however, states that the director "may allow the employer to make an adjustment of the amount erroneously paid, without interest, in connection with subsequent contribution . . . payments by the employer," and "[i]f the adjustment cannot be made," the director is authorized to refund the amount erroneously paid. Thus, the statute clearly provides for the adjustment or refund of erroneous payments, but a refund is not permitted unless "an adjustment cannot be made." Ark. Code Ann. § 11-10-719(a)(2).

■ The circuit court therefore erred in ordering an immediate refund of the erroneous payment of taxes by Wayne Farms. We reverse and remand on this point in order for a determination to be made on the issue of whether an adjustment can be made. If an adjustment cannot be made, then the circuit court's directive ordering a refund to Wayne Farms should be reinstated. Otherwise, Wayne Farms should be awarded an adjustment of the amount erroneously paid in connection with its subsequent contribution payments.

Affirmed in part; reversed and remanded in part.

CORBIN, J., not participating.