## ORMOND ENTERPRISES, INC. *v.* POINT REMOVE WETLANDS RECLAMATION and IRRIGATION DISTRICT

06-1135                                                                    253 S.W.3d 449

Supreme Court of Arkansas
Opinion delivered March 15, 2007

*Yates & Dumas,* by: *Howard C. Yates,* for appellant.

*Gordon, Caruth & Virden, PLC,* by: *Edward Allen Gordon,* for appellee.

ROBERT L. BROWN, Justice. Appellant Ormond Enterprises, Inc. ("Ormond") appeals from the order of the circuit court, in which the court granted the appellee Point Remove Wetlands Reclamation and Irrigation Improvement District's ("District") motion to dismiss. On appeal, Ormond raises two points: (1) the circuit court erred as a matter of law in ruling that its property could not be excluded from the District; (2) the circuit court erred in finding it was not in the best interest of the District to exclude its property without affording Ormond an opportunity to present evidence.

On September 14, 1993, multiple petitioners filed a petition in the circuit court for the creation of the District. In their

petition, those petitioners claimed that they were the majority in value of the lands in Conway County described in the petition. The petitioners claimed that the District would serve the following purposes:

> The purposes of this district are for the construction, operation and maintenance of dams, gates, weirs, ditches, canals, pipelines and other waterways; pumping facilities and, other capital improvements for the purpose of the provision of water for the Ed Gordon/Point Remove Wildlife Management Area (WMA), a public wetlands area maintained and operated by the Arkansas Game and Fish Commission for the purposes of providing habitat for migratory waterfowl and other game and non game species, irrigation, flood control, and the improvement of agricultural lands included within the proposed district.

The petitioners added that the project was "necessary in order to provide irrigation to some estimated 18,500 acres of agricultural land which will facilitate a significant increase in both the yield and diversity of crops capable of being grown with accompanying economic benefits not only to the [a]ffected landowners, but to the entire region and state." By its order entered on October 20, 1993, the circuit court granted the petitioners' request to create the District for the purposes designated in the petition.

On December 11, 2001, the circuit court entered an order accepting the District's adopted assessments of land and finding that those assessments were proper, in accordance with the law, and equitable. On September 24, 2002, the District petitioned for authority to borrow money through the Arkansas Soil and Water Conservation Commission, which the court granted by its order entered on November 13, 2002.

On April 24, 2003, the District filed a petition to ratify its Phase II plans for irrigation and to modify the property owner assessments. The District noted that based on its completed Phase II construction plans, it would not be feasible to provide irrigation for certain lands and that these landowners, who were named in the petition, would derive no benefits from the construction or operation of the project. The District prayed that those lands be deleted from the District and that the related assessments be eliminated. The District also claimed that the National Resource Conservation Service ("NRCS") was conducting research about other properties that may have derived diminished benefits from

the project. According to the District, there might be an additional request for modification of assessments and elimination of tracts of land on the lower end of the project once it received the recommendations from the NRCS.

On the circuit court entered an order on May 14, 2003, that ratified the Phase II plans and ordered that the assessments on the tracts of land identified in its order should be eliminated, effective with the July 1, 2003 tax year. The court also ordered that the collection of those taxes be suspended from the date of its order forward and that any taxes accruing and collected after that date be remitted to the landowners.

On September 24, 2003, the District filed a second petition for amended ratification of Phase II plans and modification of assessments. Based on the NRCS study, the District found that all the land in a certain location would derive no additional benefits from the project and should, therefore, be eliminated from the project. The District moved for their elimination. On November 12, 2003, the circuit court entered an order for amended ratification of Phase II plans and modification of assessments based on the NRCS study. In that order, the court directed that the plans for Phase II construction be approved and that the assessments on the tracts described in the District's exhibits be eliminated, effective with the January 1, 2003 tax year and for all subsequent tax years. The court also ordered that the collection of those taxes be suspended from the date of the order forward and that any taxes accruing and collected after that date be remitted to the landowners.

On January 14, 2005, Ormond and others filed a pleading entitled Petition and Notice of Appeal and claimed that its land should have been excluded along with the land that was excluded in the circuit court's November 12, 2003 order.[1] Ormond asserted that its land abutted the land that was excluded. It also requested that the court find that the assessment of benefits as to its properties was inaccurate, that it disallow any purported levying of real property taxes on the property, and that it enter an order excluding its land from the district. Ormond requested, in addition, that the court order that no taxes be levied on its land pending a full hearing on this matter.

---

[1] Beginning with this petition, the parties and the court use the term "excluded" rather than "eliminated." "Excluded" is the term used in the Improvement District Code.

On January 21, 2005, the District moved to dismiss Ormond's petition. The District relied on Arkansas Code Annotated § 14-117-207 (Repl. 1998), for its argument that Ormond had filed its petition late. According to the District, the thirty-day period required under § 14-117-207 had elapsed for Ormond to challenge the inclusion of lands within the District and the assessment of benefits. Thus, the District concluded in its motion that Ormond's petition and notice of appeal failed to state facts upon which relief could be granted and should be dismissed.

In its response to that motion, Ormond stated that the court should rule on the issue of exclusion of the Ormond land "prior to the execution of any bonds or other indebtedness by the District." Ormond next filed an amended response to its motion to dismiss, in which it stated, in addition to adopting all previous allegations in its prior motion to dismiss, that no levy should be made on its land since it received no benefit from the District.

On July 10, 2006, the circuit court entered an order granting the District's motion to dismiss. The court ruled that Ormond did not "timely appeal from the order creating the [D]istrict," as required by § 14-117-207. The court further found that, as a matter of law, it was precluded from excluding Ormond's property based on Arkansas Code Annotated § 14-117-208(h) (Repl. 1998), because the District had an outstanding and existing indebtedness to the Arkansas Soil and Water Commission that was to be repaid from the assessments against the land within the District. Additionally, the court determined that, pursuant to § 14-117-208(d), it was not in the best interest of the District to exclude additional property from the District at that time. The court added that it was presented "with fairly extensive testimony pertaining to the design and operation of the District in the previous proceeding." It is from this order that Ormond now appeals.

## I. Exclusion from District

Ormond first claims that the circuit court erred in ruling that its petition to exclude its property from the District was untimely. In making this argument, Ormond presents a challenge to the circuit court's construction of the relevant statutes, which this court reviews de novo. See, e.g., Williams v. Wayne Farms, LLC, 368 Ark. 93, 243 S.W.3d 316 (2006). This court is not bound by the trial court's determination of a statute's meaning, as it is for the appellate court to determine what a statute means. See id. In the absence of a showing that the circuit court erred, however, its

interpretation of the statute will be accepted as correct on appeal. *See id.*

The pertinent statute regarding exclusion of land from an improvement district is § 14-117-208. That statute provides:

(a)(1) The holder or holders of title representing in assessed value one-half (1/2) or more of any body of lands benefited or capable of being benefited by the works of a district may petition the chancery or circuit court which established the district to change the boundaries of the district to include that body of lands.

(2) Any owner of lands within the boundaries of a district may also petition the court to change the boundaries of the district to exclude such lands.

(b) The petition shall describe the boundaries of the parcel or tract of land owned by the petitioner or petitioners.

(c) The clerk shall give notice by publication for two (2) weeks in some newspaper published and having a general circulation in the county or counties within the district, calling upon all persons owning property within the district and, in the case of a proposed inclusion of lands, all persons owning property within the area proposed to be included to appear before the court on some day to be fixed by the court to show cause in favor of or against the inclusion or exclusion of lands of petitioners.

(d) If the court deems it to be to the best interest of the district that the lands be included or excluded from the district, it shall make an appropriate order upon its records changing the boundaries of the district.

(e) If the court finds that lands should be included in the district, the court shall make a finding and order as to an equitable amount to be paid by the petitioner or petitioners in lieu of the amount the petitioners or their grantors would have been required to pay to the district as assessments had the lands been included in the district at the time the district was originally formed. These amounts shall be divided into installments as the court may determine and shall be added to and be collected with any assessments subsequently levied against the assessment of benefits and shall be a part of the assessment of benefits.

(f) If the court finds that lands should be excluded from the district, the court shall make a finding and order as to the amount, if any, which shall be refunded by the district to any and all persons who have paid any assessment or assessments to the district.

(g) In making this determination, the court shall consider whether the parties have realized benefits from the organization and operation of the district, and the value of those benefits as determined by the court shall be deducted from the assessments paid in by the parties.

(h) No land excluded from the district shall be released from any obligation to pay any valid outstanding indebtedness of the district at the time of filing the petition for exclusion unless the holders of the indebtedness shall assent to the release of the lands from such obligation.

(i) All costs of the proceedings shall be assessed against the petitioners.

(j) Appeals from judgments of the court made pursuant to this section shall be taken by an aggrieved party in accordance with the provisions of § 14-117-207.

Ark. Code Ann. § 14-117-208 (Repl. 1998).

Section 14-117-207 is also relevant to this appeal. It provides:

(a) The order of the chancery or circuit court establishing the district shall have all the force of a judgment.

(b) Any owner of real property within the district may appeal from the judgment within thirty (30) days after the judgment has been made, but if no appeal is taken within that time, the judgment shall be deemed conclusive and binding upon all the real property within the bounds of the district, and upon the owners thereof.

(c) Any owner of property in the proposed district may within a like time appeal from any order refusing to establish the district.

Ark. Code Ann. § 14-117-207 (Repl. 1998).

Ormond specifically asserts that there is no statutory time limit during which a petition to exclude land from the District must be filed. Accordng to Ormond, § 14-117-208(a)(2) merely says, "[a]ny owner of lands within the boundaries of a district may also petition the court to change the boundaries of the district to exclude such lands." The District concedes that § 14-117-208

does not provide a time limit for filing a petition to exclude lands in an improvement district but states that the circuit court, nevertheless, properly held that, after a bond indebtedness is in place, it is too late to file an exclusion petition under that section of the Improvement District Code.

As Ormond notes, the language included in § 14-117-208 contemplates that a district has already been established; thus, the statute does not apply to a "proposed district." Further, § 14-117-208(f) provides, "[i]f the court finds that lands should be excluded from the district, the court shall make a finding and order as to the amount, if any, which shall be refunded by the district to any and all persons who have paid any assessment or assessments to the district." Ormond contends that an owner cannot pay assessments until after the district has been established, benefits have been assessed, and those assessments have been charged. All of this, Ormond observes, cannot take place within the thirty days immediately following the court order establishing the district. Ormond concludes, accordingly, that the thirty-day time limit in § 14-117-207, which relates to appeals from orders establishing the district, does not apply to his petition for exclusion.

■ Ormond's argument has merit. There is no doubt that the circuit court relied on § 14-117-207 for its determination that Ormond should have appealed within thirty days from the entry of the order creating the District. The District, however, was created on October 11, 1993 — almost twelve years earlier. It is true that assessments for land in the District were modified on November 12, 2003, and certain lands were excluded. It is unclear whether the circuit court considered the modification of the District on this date to be the order "creating the District" to which the court alludes. Nevertheless, to the extent the circuit court based its untimeliness decision on a failure to appeal within thirty days from the establishment of the District, that was error.[2] We reverse the circuit court on this point.

---

[2] This court is aware of the fact that § 14-117-208(j) refers to § 14-117-207, which includes the thirty-day limit regarding appeals from judgments. The parties do not refer to § 14-117-208(j) in their briefs. Ormond titles its January 14, 2005 petition as a notice of appeal and a petition to exclude its land. Ormond was too late to appeal the November 12, 2006 order, but it was not too late to file a new petition to exclude its land.

We also agree with Ormond that § 14-117-208 has no time limit for filing a petition to exclude land from an improvement district. As already noted, the District concedes this fact. Moreover, Ormond is correct that the statutory scheme for the establishment and operation of an improvement district under § 14-117-208(h) permits lands to be excluded from the district even when a bond indebtedness is in place, although for lands to be released from the existing bond indebtedness, the bondholders must agree.

Ormond, however, goes further in its petition and prays that it be released from *future* bond indebtedness. Being saddled with any new debt appears to be Ormond's primary concern. It is beyond our jurisdiction to address at this juncture such a speculative matter that may occur in the future. To do so would be to issue an advisory opinion, which we decline to do. *See, e.g., Dodson v. Allstate Ins. Co.*, 365 Ark. 458, 462, 231 S.W.3d 711, 715 (2006) (noting that "[w]e have long held that courts do not sit for the purpose of determining speculative and abstract questions of law or laying down rules for future conduct").

## II. Best Interest

Ormond also maintains, without citation to authority, that the circuit court erred in finding it was not in the best interest of the District to exclude its property without affording it a hearing on the matter. According to Ormond, it should have been permitted to present testimony on this point.

Section 14-117-208(d) provides that "[i]f the court deems it to be to the best interest of the district that the lands be included or excluded from the district, it shall make an appropriate order upon its records changing the boundaries of the district." Section 14-117-208(g) provides that "[i]n making this determination, the court shall consider whether the parties have realized benefits from the organization and operation of the district, and the value of those benefits as determined by the court shall be deducted from the assessments paid in by the parties."

In the instant case, the circuit court noted that it had been presented with "fairly extensive testimony pertaining to the design and operation of the District in the previous proceeding." The court then held that "[b]ased on . . . the uncontroverted facts, it is

not in the best interest of the District to exclude additional property from the District at this time."[3]

Ormond cites this court to no authority for the proposition that this court should reverse the circuit court because it failed to hold a full hearing on the petition. Indeed, in its one-paragraph argument in its brief on this point, Ormond fails to develop the issue at all and merely contends that it was entitled to a hearing in order to make its argument. We make two observations. Between the time of its petition filed on January 14, 2005, and the circuit court's order dated July 10, 2006 (more than a year and a half), the record shows that no request for a hearing was made by Ormond. There is only the oblique reference in its petition to "pending a full hearing." Secondly, Ormond never specifically invoked § 14-117-208(c) and the requirement that the circuit clerk give notice of a hearing on its petition either before or after the circuit court's July 10, 2006 order. Nor does Ormond argue § 14-117-208(c) in its brief on appeal to this court. As a final point, Ormond does not tell this court what a hearing would have added to the circuit court's knowledge on this issue, which the court said it had accumulated from earlier proceedings.

We decline to raise § 14-117-208(c) on Ormond's behalf, particularly in light of the fact that it did nothing to pursue a hearing for a year and a half between the filing of the petition and the circuit court's order and the fact that the corporation still does not allude to this statute in its brief on appeal.

We hold that Ormond has not developed this argument on appeal by citation to authority or by convincing argument. *See, e.g., Alexander v. McEwen,* 367 Ark. 241, 239 S.W.3d 519 (2006) (noting that this court does not develop issues for appellate parties at the appellate level); *see also Williams v. Brushy Island Pub. Water Auth.,* 368 Ark. 219, 243 S.W.3d 903 (2006) (holding that this court refuses to consider arguments not supported by convincing argument or citation to legal authority).

Affirmed in part. Reversed in part.

DANIELSON, J., not participating.

---

[3] The circuit court's order was, in reality, an order for summary judgment. *See, e.g., Robbins v. Johnson,* 367 Ark. 506, 510, 241 S.W.3d 747, 750 (2006) ("A motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court.").