Linda STROMWALL, on Behalf of Herself and all Others Similarly Situated *v.* Jerre VAN HOOSE, Individually and as Mayor of the City of Springdale; David Hinds, Individually and as Fire Chief of the City of Springdale; the City of Springdale, Arkansas; the Arkansas Municipal League; Mark Hayes, General Counsel of the Arkansas Municipal League; and Don Zimmerman, Executive Director of the Arkansas Municipal League

06-1111                                         265 S.W.3d 93

Supreme Court of Arkansas
Opinion delivered October 11, 2007

*The Evans Law Firm, P.A.*, by: *Marshall Dale Evans* and *Stephanie Dzur; Hirsch Law Firm, P.A.*, by: *E. Kent Hirsch*, for appellants.

*Harrington, Miller, Neihouse & Kieklak, P.A.*, by: *Thomas N. Kieklak*, for appellees.

DONALD L. CORBIN, Justice. This appeal arises from an illegal-exaction claim brought by Appellant Linda Stromwall, on behalf of herself and all others similarly situated, against Appellees Jerre Van Hoose, individually and as mayor of the City of Springdale; David Hinds, individually and as fire chief of the City of Springdale; the City of Springdale, Arkansas; the Arkansas Municipal League (AML); Don Zimmerman, executive director of the AML; and Mark Hayes, general counsel of the AML. Appellant appeals both the Washington County Circuit Court's order denying her motion to proceed pursuant to Ark. R. Civ. P. 23.2 and denying in part, granting in part her motion to proceed pursuant to Ark. Const. art. 16, § 13, as well as the court's order granting summary judgment in favor of Appellees and dismissing the case. On appeal, Appellant raises five arguments for reversal: the circuit court erred in (1) dismissing the illegal-exaction claim as to the taxpayers within 498 of the 499 municipalities participating in the Arkansas Municipal League's Municipal Legal Defense Program (MLDP); (2) denying her motion to

proceed against the AML, an unincorporated association, pursuant to Rule 23.2; (3) considering the merits in the certification decision; (4) granting summary judgment when issues of fact remained to be decided; and (5) failing to make findings of fact and conclusions of law. Because this case involves both constitutional and statutory interpretation, as well as an issue of first impression, jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(2) and (b)(1). We affirm the circuit court's orders.

The present suit originated from Appellant's objection to a November 1, 2002 settlement agreement entered in the case of *Bitner v. City of Springdale*, United States District Court, Western District of Arkansas, Case No. 01-5164. Appellant objected to the settlement based upon her contention that the payment of punitive damages and the payment of the individual defendant's personal liability was an illegal exaction. Appellant's request to intervene in the matter was denied.

Following the settlement, Appellant filed the present action alleging an illegal exaction. Appellant's complaint argued that (1) payment of the *Bitner* settlement was an illegal exaction, and (2) all premiums paid by Arkansas municipalities since November 4, 1997, to the AML for the MLDP are illegal exactions because the MLDP is a dry-hole contract.

On May 5, 2005, Appellant filed a motion to approve notice and proceed pursuant to article 16, section 13, and a motion to proceed pursuant to Rule 23.2. Following a February 21, 2006 hearing, the circuit court denied her motion to proceed pursuant to Rule 23.2 and granted her motion to approve notice and proceed pursuant to article 16, section 13 only to the extent that this case would proceed against Springdale, Van Hoose, Hinds, and the AML. The court denied Appellant's motion as to her claim against all other municipalities in Arkansas and denied the putative defendant class representing the AML. This ruling was entered into record on February 24, 2006.[1] On March 9, 2006, Appellant made a request for findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52. The circuit court never acted on this motion.

---

[1] This order was modified by the circuit court on April 25, 2006, to include a Ark. R. Civ. P. 54(b) certification. Appellant filed a timely notice of appeal of this order on May 4, 2006.

On March 30, 2006, Appellees filed a motion for summary judgment arguing, in part, that no genuine issues of material fact existed because the MLDP is an authorized association of municipalities under Arkansas law, appropriations by Arkansas municipalities to the MLDP are not contrary to law, and the *Bitner* settlement agreement was not in violation of the law. Appellant responded that material issues of fact existed and submitted an affidavit to support her answer.

A hearing was held on June 19, 2006. At the close of the hearing, the circuit court announced that it would grant summary judgment. This ruling was entered into the record on July 10, 2006. That same day, Appellant filed an amended and supplemental notice of appeal from the circuit court's April 25 and July 10 orders.

## I. Illegal Exaction and Arkansas Rule of Civil Procedure 23.2

Appellant's first two arguments for reversal are: the circuit court erred in (1) dismissing the illegal-exaction claim as to taxpayers within 498 of the 499 municipalities participating in the MLDP; and (2) denying her motion to proceed against the AML, an unincorporated association, pursuant to Rule 23.2. These arguments are intrinsically intertwined, and as such, they are best discussed in conjunction with one another.

In dealing with issues of constitutional interpretation, this court performs a de novo review because it is for this court to determine what a constitutional provision means. *See Weiss v. Maples*, 369 Ark. 282, 253 S.W.3d 907 (2007). Similarly, our review of a circuit court's interpretation of rules and regulations is de novo. *See Price v. Thomas Built Buses, Inc.*, 370 Ark. 405, 260 S.W.3d 300 (2007). In the absence of showing that the circuit court erred in its interpretation of the law, the interpretation will be accepted as correct on appeal. *See id.*; *Weiss*, 369 Ark. 282, 253 S.W.3d 907.

Appellant first argues that the circuit court erred in dismissing her illegal-exaction claim based upon its finding that she was inadequate to represent all taxpayers throughout the state. Article 16, section 13 states:

> Any citizen of any county, city or town may institute suit, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever.

An illegal exaction is defined as any exaction that either is not authorized by law or is contrary to law. *See Brewer v. Carter*, 365 Ark. 531, 231 S.W.3d 707 (2006). An illegal-exaction suit under article 16, section 13 is, by its nature, a class action as a matter of law. *See McGhee v. Ark. State Bd. of Collection Agencies*, 360 Ark. 363, 201 S.W.3d 375 (2005). An illegal-exaction suit is a constitutionally created class of taxpayers, and suit is brought for the benefit of all taxpayers. *Id.* Specifically, every inhabitant of the area affected by the alleged illegal exaction is a member of the class. *See Worth v. City of Rogers*, 351 Ark. 183, 89 S.W.3d 875 (2002). Lastly, it is well established that article 16, section 13 is self-executing and imposes no terms or conditions upon the right of the citizen to file suit to prevent an illegal exaction. *See McGhee*, 360 Ark. 363, 201 S.W.3d 375.

Here, Appellant pursued her illegal-exaction claim on behalf of all taxpayers of each municipality participating in the MLDP.[2] At the hearing on the issue, the circuit court explained that Appellant could pursue her illegal-exaction case over Springdale and the AML because she was suing them on a claim requesting that they refund to Springdale money which was illegally paid, but ruled that there is not a class nor an action against the AML on behalf of all other cities because of the circuit court's ruling that Rule 23.2 requirements were not met. Specifically, the circuit court found:

> 1. The proposed plaintiff class representative for the proposed class of taxpayers from 499 Arkansas municipalities which participate in the [MLDP] is inadequate to represent the proposed taxpayer class because she is only a resident of Springdale, Arkansas.

> 2. The proposed class representative may represent only the taxpayers of the City of Springdale, Arkansas, even though all proposed taxpayers from the 499 municipalities pay taxes used to pay into the [MLDP].

> 3. The claim may be pursued only for the City of Springdale's payments to the [MLDP].

---

[2] Specifically, she defined her class as: All citizens of Arkansas municipalities who contributed to the general treasury thereof and whose municipality participated in the MLDP since November 4, 1997.

4. The claims of the taxpayers of the 498 remaining municipalities may not be pursued herein under Art. 16, § 13 of the Constitution of Arkansas.

Appellant claims that this was wrong because the Arkansas Constitution's illegal-exaction provision defines the class to include all of the victims of an illegal exaction. Moreover, she argues that the court's ruling that she was not adequate to represent all taxpayers was an attempt to define and limit the class, which cannot be done because a class action under article 16, section 13 is self-executing and a class as a matter of law. Thus, it is not the role of the trial judge to define the class. Appellant concludes that the lawsuit against the AML is defined by article 16, section 13, and she is a proper class representative of all taxpayers whose money was misappropriated by the MLDP, not just those taxpayers who happen to reside in Springdale.

This court has made it clear that taxpayers who are the victims of an illegal exaction form a class as a matter of law under article 16, section 13 because an illegal-exaction claim is by its nature in the form of a class action. See McGhee, 360 Ark. 363, 201 S.W.3d 375. Plainly speaking, all taxpayers who are wronged under the alleged illegal exaction are members of the class, and the class is not subject to the rules generally governing class actions. See Worth, 351 Ark. 183, 89 S.W.3d 875 (explaining that an illegal-exaction case is not governed by Ark. R. Civ. P. 23). Therefore, Appellant's adequacy of representation is not an issue. Moreover, the plain language of article 16, section 13 is clear — any citizen may bring suit on behalf of himself and other taxpayers to prevent enforcement of illegal exactions.

■ Here, it is undisputed that Appellant was a taxpayer who paid taxes used to pay into the MLDP. Therefore, in accordance with article 16, section 13, she was capable of bringing this suit on behalf of *all* taxpayers, including those taxpayers in the other 498 municipalities who also paid taxes used to pay into the MLDP. Thus, the circuit court erred in finding Appellant to be an inadequate representative to pursue the illegal-exaction claim against the remaining 498 municipalities. Specifically, Appellant's adequacy of representation of the plaintiff class is not an issue because this is an illegal-exaction case under article 16, section 13.

However, in this case, we are faced with a second issue. Specifically, rather than naming all 499 municipalities as parties to the suit, Appellant sought to proceed pursuant to Rule 23.2 in her

action brought under article 16, section 13. In her motion, she explained that the complaint was filed against an unincorporated association, the AML, comprised of more than 499 members, and that Springdale was an adequate representative of the AML. Moreover, Appellant explained that when an action is brought against the members of an unincorporated association as a class, the proper method of proceeding is to name the members as representative parties by a particular representative that will represent the interests of the association and its members.

Although actions by and against members of unincorporated associations as a class have long been recognized in Arkansas, nothing within our case law reveals an instance where an appellant brought an illegal-exaction claim pursuant to article 16, section 13 against an unincorporated association as a class under Rule 23.2. However, in illegal-exaction cases, Rule 23 can provide guidance in how to manage the conduct of the class action. *See Worth*, 351 Ark. 183, 89 S.W.3d 875. Thus, it follows that Rule 23.2 may also provide guidance in managing the class action as it relates to a proposed defendant class.[3]

Arkansas Rule of Civil Procedure 23.2 states:

> An action brought by or against the members of an unincorporated association as a class by naming certain members as representative parties may be maintained only if it appears that the representative parties will fairly and adequately protect the interests of the association and its members. In the conduct of the action the court may make appropriate orders corresponding with those described in Rule 23(d), and the procedure for dismissal or compromise of the action shall correspond with that provided in Rule 23(e).

This court has explained that suits brought against members of an unincorporated association may be maintained as class actions by naming certain members as representatives of the class if it appears that the representative parties will fairly and adequately protect the interests of the association and its members. *See Fausett & Co., Inc. v. Bogard*, 285 Ark. 124, 685 S.W.2d 153 (1985). Furthermore, it is clear

---

[3] It should be noted that Rule 23.2 is a separate rule from Rule 23. *See Arkansas County Farm Bureau v. McKinney*, 334 Ark. 582, 976 S.W.2d 945 (1998). Nevertheless, for the issue now before this court, it would be illogical not to follow this court's prior analysis of illegal-exaction class actions as it relates to our rules of civil procedure.

from Rule 23.2 that the party wishing to proceed under Rule 23.2 bears the burden of showing that the representative parties will fairly and adequately protect the interests of the association and its members.

As already stated, Appellant's adequacy of representation is not an issue in an illegal-exaction proceeding under article 16, section 13. However, in regards to the defendant class, under Rule 23.2, Appellant had the burden of showing that Springdale was an adequate representative of the AML and its members. In the present case, during the hearing on the issue, the court explained that there was no evidence that Springdale had been representative of the AML or that it had ferociously defended all members of that association. Thus, the circuit court concluded that Appellant failed to meet her burden to establish her right to proceed under Rule 23.2. Specifically, the court found that, although Springdale is a member of the AML and participates in the MLDP, Springdale would not adequately represent the defendant class, the members of the AML who also participate in the MLDP.

Now, on appeal, Appellant asserts that Springdale's situation is exactly that of the other 498 municipal members with regard to the common issues of liability of the association for the illegal exaction such that Springdale's stake in the outcome is the same as the other association members, thus demonstrating that there would not be a superior choice of representative.[4] Moreover, she argues that Springdale presented no evidence that it would not be adequate, but merely denied that it would fairly and adequately represent the members and the association. Appellant claims that if this flat denial of adequacy is sufficient then there would never be a representative party through whom one may sue an association under Rule 23.2.

Appellant's argument has a fatal flaw — she had the burden to show adequacy of representation. The circuit court found that she failed to meet this burden. Specifically, the court explained:

---

[4] Appellant also argues that the circuit court may be correct in its ruling that she could not proceed under Rule 23.2 because Ark. Code Ann. § 4-28-507 (Repl. 2001) gives nonprofit associations such as the AML the legal capacity to sue or be sued in their own names, and therefore Appellant could proceed with her individual action against the AML. Upon review, this argument was not made before the circuit court and as such cannot be addressed on appeal. *See McCoy v. Montgomery*, 370 Ark. 333, 259 S.W.3d 430 (2007).

there has not been any evidence that the City of Springdale has been a representative of the Arkansas Municipal League and has ferociously defended all of the members of that association. Simply because the City of Springdale defends itself is a far cry from saying, well, we're going to defend all of these other cities out there, and we're going to take the lead, and we're going to look out for their interests and we're going to make sure that their interests are protected. That has not been shown to this court.

The court did not err in reaching this conclusion, as the little evidence that was presented by Appellant related to Springdale's strong defense in a previous suit.

Because Appellant failed to meet her burden of showing that Springdale was an adequate representative of the AML, the circuit court did not err in denying her motion to proceed pursuant to Rule 23.2. Therefore, despite its erroneous finding that Appellant was an inadequate representative, the circuit court did not err in dismissing the illegal-exaction claim as to taxpayers within 498 of the 499 municipalities participating in the MLDP because those municipalities could not be made parties to the suit through Rule 23.2. Specifically, because Appellant did not name any of the other municipalities and because the circuit court properly denied her request to proceed under Rule 23.2, they were not parties to this action, and thus those municipalities' taxpayers are also not proper parties in this illegal-exaction claim. Thus, the circuit court was correct in concluding that Appellant could only represent herself and Springdale taxpayers in her illegal-exaction claim against Springdale, Van Hoose, Hinds, and the AML. *See Thomas v. Avant*, 370 Ark. 377, 260 S.W.3d 266 (2007) (holding that it is axiomatic that this court can affirm a circuit court if the right result is reached even if for a different reason).

## II. Consideration of Merits

Appellant's next argument is that the circuit court erred in considering the merits in the certification decision. Specifically, she claims that the dismissal of the claims against the 498 remaining municipalities at the class-certification hearing required a determination of the merits of those claims, which is error at the certification stage of the proceedings. Appellant does not cite to any legal authority for this proposition. As such, this

argument cannot be addressed on appeal. *See Ormond Enters., Inc. v. Point Remove Wetlands Reclamation & Irr. Dist.*, 369 Ark. 250, 253 S.W.3d 449 (2007) (holding that this court refuses to consider arguments not supported by convincing argument or citation to legal authority).

### III. Summary Judgment

Appellant also argues that the circuit court erred in granting summary judgment when issues of fact remained to be decided. In granting summary judgment on the allegations contained in both the second and third amended complaints,[5] the circuit court found:

1. There are no material facts in dispute, and Defendants' Motion for Summary Judgment is ripe for ruling by this Court.

2. Plaintiff alleges that this is a public funds illegal exaction case. Specifically, that the expenditure of monies by Springdale to join the [MLDP] is and was an illegal exaction. Further, that the expenditure of monies by Springdale and the [MLDP] to settle the *Bitner v. City of Springdale, et al* suit was an illegal action.

3. A.C.A. § 14-54-101 permits Arkansas cities and towns to create and join the [MLDP].

4. The expenditure of monies outlined in paragraph [2] above is and was lawful and is not an illegal exaction.

Furthermore, during the summary judgment hearing, the circuit court stated that it did not "find that these appropriations to the defense fund are contrary to law and that they have a right to set up this association" under Ark. Code Ann. § 14-54-101 (Repl. 1998).

Now, on appeal, Appellant contends that (1) she stated a case for an illegal use of public funds; (2) issues of fact exist as to the amount of illegal payment of punitive damages; (3) the MLDP is a dry-hole contract and therefore an illegal exaction; and (4) all necessary parties are before the court.

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is

---

[5] The only difference between the second and third amended complaints was the addition of Zimmerman and Hayes as named defendants.

entitled to judgment as a matter of law. *See, e.g., Gallas v. Alexander,* 371 Ark. 106, 263 S.W.3d 494 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *See id.*

### a. Illegal Use of Public Funds

First, Appellant argues that she stated a case for an illegal use of public funds because her claim is that the cities have misused public funds in connection with the MLDP. Specifically, she asserts that if, as the AML claims, there is no contractual obligation or obligation otherwise to provide a defense in exchange for revenue paid over to the MLDP, then the payment is illegal since it is the misapplication of public funds without any assurance that the taxpayers will reap any benefit from the expenditure of these funds.

In response to this argument, Appellees argue that the MLDP is a lawful association of Arkansas cities and towns, authorized under section 14-54-101. They further contend that because there exists statutory authorization to associate through the MLDP for the promotion of their general welfare and to join for the purchase of services, including legal services, the circuit court correctly found that appropriations to the MLDP are not an illegal exaction. Lastly, Appellees argue that the circuit court's finding is consistent with the Eighth Circuit's holding in *O'Brien v. City of Greers Ferry,* 873 F.2d 1115 (8th Cir. 1989), that there is statutory authority for payment of such fees.

Section 14-54-101 permits municipalities to "[a]ssociate with other municipalities for the promotion of their general welfare" and to "[j]oin with other municipalities in the purchase of equipment, supplies, or services." Ark. Code Ann. § 14-54-101(4) and (5). Although the present issue has never been addressed by this court, this statute has been interpreted to allow municipalities to join together in the purchase of services, such as

legal services. *O'Brien*, 873 F.2d 1115.[6] Thus, municipal funds can be used to pay attorney's fees for public officials and employees who are not charged with a criminal offense, and who are sued in their official capacity. *Id.*

■ In the present case, Appellant's illegal-exaction claim consisted of two parts. First, she alleged that the expenditure of monies by Springdale to join the MLDP is and was an illegal exaction. Second, she claimed that the expenditure of monies by Springdale and the MLDP to settle the *Bitner* case was an illegal exaction. Upon review, the circuit court did not err in finding that both of these expenditures were lawful, and that neither constituted an illegal exaction. First, and foremost, an illegal exaction is an exaction that is either not authorized by law or is contrary to law. *See Brewer*, 365 Ark. 531, 231 S.W.3d 707. That is simply not the case here. Specifically, Springdale is authorized by section 14-54-101 to participate in an association, such as the AML, for the promotion of the general welfare of the city and to join with other municipalities to purchase services. The MLDP is a subset of such an association and provides beneficial services, i.e., legal services, for the promotion of Springdale's general welfare. Moreover, the expenditure of monies to settle the *Bitner* case was not an illegal exaction because the payment of a settlement was allowed by the MLDP's terms and conditions. As such, viewing the evidence in the light most favorable to Appellant, the circuit court did not err in granting summary judgment because no material issues of fact exist as to Appellant's claim that there was an illegal use of public funds.

### b. Illegal Payment of Punitive Damages

Appellant's second argument is that issues of fact exist as to the amount of illegal payment of punitive damages. Essentially, this is a challenge to the *Bitner* settlement. Here, the circuit court found that the settlement expenditure by Springdale and the MLDP was lawful and not an illegal exaction. This finding was not in error as no genuine issues of material fact exist as to the settlement.

---

[6] Although Eighth Circuit decisions are not binding on this court, *see Heinemann v. Hallum*, 365 Ark. 600, 232 S.W.3d 420 (2006), they may be used to provide guidance in situations, such as this, where our court has never addressed an issue before it.

Specifically, and despite Appellant's arguments to the contrary, the settlement was not a payment of punitive damages in violation of Arkansas law.

First, Appellant does not cite to any authority besides her own speculation as support for her argument. This court will not consider arguments that are unsupported by citation to legal authority or convincing argument. *See Ormond Enters., Inc.*, 369 Ark. 250, 253 S.W.3d 449. Second, as discussed above, the *Bitner* settlement was authorized by the MLDP's terms and conditions, and our public policy favors settlement of litigation. *See Douglas v. Adams Trucking Co., Inc.*, 345 Ark. 203, 46 S.W.3d 512 (2001) (explaining that without question, the law favors the amicable settlement of controversies). Lastly, the language of the settlement agreement clearly indicates that the plaintiff in *Bitner* released the compensatory and punitive claims against Springdale, Van Hoose, and Hinds prior to entry of the final order and judgment. Thus, no issues of material fact exist that would require reversal of the circuit court's order granting summary judgment.

### c. Dry-hole Contract

Appellant's next argument is that the MLDP is a dry-hole contract, and therefore an illegal exaction. Additionally, she claims that because this is a contract, the parol evidence rule limits admission of matters not within the written agreement.[7]

Initially, Appellant argues that the program is a contract. In support of this, she focuses on the use of the word "agreement" throughout the MLDP's terms and conditions. We are unper-

---

[7] Appellant also argues that *O'Brien*, 873 F.2d 1115, is not controlling precedent and that res judicata and collateral estoppel do not apply. As previously discussed, *O'Brien* is not controlling or binding on this court, but we may look to it for guidance. Appellant's res judicata and collateral estoppel arguments were actually issues brought up by Appellees in their motion for summary judgment based upon Appellant's attempt to intervene in the *Bitner* case. The record is devoid of any explicit ruling as to these issues, such that they cannot be considered on appeal. *See Beverly Enters.-Ark., Inc. v. Thomas*, 370 Ark. 310, 259 S.W.3d 445 (2007). Nevertheless, res judicata does not apply because she was not a party to the previous action and collateral estoppel does not apply because she was denied intervention such that the issue of whether the settlement agreement was an illegal exaction was not part of the *Bitner* case. *See Martin v. Pierce*, 370 Ark. 53, 257 S.W.3d 82 (2007) (explaining that res judicata bars litigation if both suits involve the same parties or their privies); *Parker v. Johnson*, 368 Ark. 190, 244 S.W.3d 1 (2006) (explaining that the doctrine of collateral estoppel bars the relitigation of issues of law or fact actually litigated by the parties in the first suit).

suaded by Appellant's "agreement" argument. The use of the word "agreement" does not render something a contract; rather, the essential elements to a contract are competent parties, subject matter, legal consideration, mutual agreement, and mutual obligations. *See Stewart v. Combs*, 368 Ark. 121, 243 S.W.3d 294 (2006). Appellant has failed to show any of these things.

■ The MLDP is a program within the AML that provides legal services to those municipalities who opt to join the program. Municipalities are authorized to associate for the promotion of their general welfare, including the purchase of services such as those provided here by the MLDP. As we stated in *City of Marianna v. Arkansas Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987), municipalities have the option of joining the program and it is not required. There, we held that the MLDP was not an insurance contract. *Id.* Upon our review, it is clear to this court that the MLDP is not a contract at all. Rather, it is a program within a constitutionally valid association. *See* Ark. Code Ann. § 14-54-101; *O'Brien*, 873 F.2d 1115.

Appellant also argues that the fact that this program is charging its members taxpayer money in return for the possibility of services and the possibility of indemnity makes it look like a contractual arrangement, valid, ultra vires or otherwise, such that it falls squarely within the illegal-exaction prohibitions of *Barnhart v. City of Fayetteville*, 335 Ark. 57, 977 S.W.2d 225 (1998).[8] Specifically, she argues that *Barnhart* is the controlling precedent in this case because it deals with public contracts. She contends that in this case, as in *Barnhart*, there is the possibility that services might not be received because of the agreement's lack of mutuality, which creates a dry hole. Specifically, she argues that the contract is illegal and unenforceable since a dry hole is created because the MLDP has the right to unilaterally terminate the program and no obligation to defend or pay damages.

■ This argument fails. *Barnhart* is distinguishable from the present case because there the city's agreement to unconditionally guarantee the obligations of another city and county was in violation of article 16, section 1 of the Arkansas Constitution, and therefore was unauthorized and ultra vires. In this case, Springdale

---

[8] It should be noted that Appellant is actually relying upon the holding in the first *Barnhart* case, *Barnhart v. City of Fayetteville*, 321 Ark. 197, 900 S.W.2d 539 (1995), which was summarized in *Barnhart*, 335 Ark. 57, 59, 977 S.W.2d 225, 226.

had the statutory authority to join an association for the purposes of promoting the general welfare of the municipality and to purchase services. *See* Ark. Code Ann. § 14-54-101; *O'Brien*, 873 F.2d 1115. Thus, the alleged illegal exaction in this case is wholly different than the illegal exaction found to exist in *Barnhart*, and the MLDP is not a dry-hole contract.

Appellant next argues that the parol evidence rule precludes this court from considering Appellees' allegation that the MLDP includes services not within its written contract. Specifically, she maintains that the Hayes affidavit contains inadmissible parol evidence because it attempts to vary the terms of the agreement. Finally, she asserts that an issue of fact exists as to whether there is indeed any consideration in return for the money paid to the MLDP and that issue cannot be dismissed on summary judgment.

■ This argument fails. Parol evidence may not be admitted to alter, vary, or contradict the written contract, but it may be admitted to prove an independent, collateral fact about which the written contract was silent. *See Alexander v. McEwen*, 367 Ark. 241, 239 S.W.3d 519 (2006). Here, the MLDP is not a contract; consequently, the parol evidence rule is not a factor.

### d. All Necessary Parties are Before the Court

Appellant's last argument is that all necessary parties are before the court. This issue was raised by Appellees in their motion for summary judgment. Specifically, they argued that Appellant failed to join all the necessary parties to this action, specifically the plaintiff in *Bitner* because he is the holder of the sum of money claimed to have been illegally exacted. Therefore, according to Appellees, no relief could be accorded to the class among the named parties. Now, on appeal, Appellant argues that all necessary parties are before the court because the plaintiff in *Bitner* had no possibility of being required to refund any of the monies received in the settlement, and thus was not a necessary party under Ark. R. Civ. P. 19(a).

■ This is a moot issue as the court correctly determined that the expenditure of monies was not an illegal exaction. As a general rule, appellate courts of this state will not review issues that are moot. *See Potter v. City of Tontitown*, 371 Ark. 200, 264 S.W.3d 473 (2007); *Allison v. Lee County Election Comm'n*, 359 Ark. 388, 198 S.W.3d 113 (2004). To do so would be to render advisory

opinions, which this court will not do. *Id.* Generally, a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *Id.* There are two recognized exceptions to the mootness doctrine. *Id.* The first one involves issues that are capable of repetition, but that evade review. And the second one concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.* The issue of joinder does not fall within any of these exceptions. Consequently, because the case was properly dismissed, it does not matter whether or not the plaintiff in *Bitner* should have been joined to the action.

### e. Conclusion

The circuit court did not err in granting summary judgment because there are not material facts in dispute and there was not an illegal exaction of public funds. A review of the record reveals that Appellant simply failed to meet proof with proof and did not demonstrate material issues of fact as to (1) an illegal use of public funds, and (2) the amount of illegal payment of punitive damages. Additionally, Appellant's dry-hole contract argument also fails since the MLDP is not a contract because it was within the purview of section 14-54-101 for municipalities to create and join the MLDP to promote the general welfare of their respective municipalities. Finally, Appellant's joinder argument is moot as the circuit court properly granted summary judgment as no issues of fact exist and it was originally Appellees' contention that the plaintiff in *Bitner* should have been a named party in this case.

### IV. Findings of Fact and Conclusions of Law

Appellant's final argument is that the circuit court erred by failing to make findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52. Specifically, Appellant, citing *BPS, Inc. v. Richardson*, 341 Ark. 834, 20 S.W.3d 403 (2000), claims that once a timely request for findings of fact and conclusions of law is filed affecting the court's decision whether to certify a suit as a class action, the circuit court is required to enter written findings of fact and conclusions of law analyzing the class criteria and reasoning for the court's decision. She contends that she presented her motion for specific findings of fact and conclusions of law, and the circuit court ignored this request and made no findings or conclusions as required by Rule 52(b).

This argument is without merit. First, the cases cited in support of her proposition are based upon Rule 23 certification. This court has made clear that Rule 23.2 is not a subset of Rule 23. *See McKinney*, 334 Ark. 582, 976 S.W.2d 945. It is a completely separate rule that incorporates provisions of Rule 23 only to the extent provided in Rule 23.2. *Id*. Second, Rule 23.2 does not require class certification in order to proceed under that rule. *Id*. As such, Appellant's request pursuant to Rule 52 was in error and the circuit court did not err in denying her request.

Affirmed.