Maria NEAL *v.* Dr. Paul E. FARRIS

CA 07–839                               278 S.W.3d 129

Court of Appeals of Arkansas
Opinion delivered February 27, 2008

*Law Offices of Charles Karr, P.A.*, by: *Charles Karr*, for appellant.

*Warner, Smith & Harris, PLC*, by: *C. Wayne Harris, G. Alan Wooten* and *Jason T. Browning*, for appellee.

ROBERT J. GLADWIN, Judge. Appellant Maria Neal appeals from the May 2, 2007 order granting summary judgment in favor of appellee Dr. Paul Farris, as well as the May 23, 2007 order denying her motion for reconsideration and to set aside the previous order. On appeal, she argues that the circuit court erred in granting appellee's motion for summary judgment before the time for submitting supplemental supporting materials had expired and in denying her motion for reconsideration and to set aside the May 2, 2007 order. We affirm.

This appeal arises from a medical-malpractice action, which accrued, at the latest, on August 9, 2002, the last day appellee provided treatment to appellant. The original complaint was filed by appellant on March 9, 2004, alleging, among other things, that appellee violated the standard of care as a physician and was negligent in the treatment of appellant. The complaint was filed

within the applicable two-year statute of limitations for medical-malpractice claims pursuant to Ark. Code Ann. § 16-114-203 (Repl. 2006). Appellant took a voluntary non-suit on August 8, 2005, and refiled the present matter on August 8, 2006, pursuant to the saving statute, Ark. Code Ann. § 16-56-126 (Repl. 2005).

Appellee propounded written discovery on appellant pursuant to both the original and re-filed complaint, and appellant responded on September 1, 2004, and January 30, 2007, respectively. On February 6, 2007, appellee filed a motion for summary judgment asserting that appellant had failed to identify an expert witness as required by Ark. Code Ann. § 16-114-206 (Repl. 2006). Attached to the motion for summary judgment was an affidavit from Dr. Scott J. Stern, which asserted that appellee's treatment of appellant was in every way consistent with the appropriate standard of care. Appellee also incorporated all the pleadings on file as well as appellant's answers to interrogatories and responses to requests for production of documents.

Had there been no request for extensions, the original date to respond to appellee's motion for summary judgment would have been February 27, 2007. However, appellant did move for extensions on two separate occasions. On February 28, 2007, the circuit court entered an order granting appellant's motion and extending her time to respond for an additional three weeks, until March 22, 2007. Subsequently, on March 27, 2007, the circuit court entered an additional order extending appellant's time to respond an additional thirty days, until April 22, 2007. Appellant filed her response to appellee's motion for summary judgment on April 23, 2007, but failed to attach an affidavit of an expert witness.

Appellee filed a reply to appellant's response to the motion for summary judgment three days later on April 26, 2007, and on May 2, 2007, the circuit court entered its order granting appellee's motion for summary judgment. In the order, the circuit court acknowledged the respective briefs filed by the parties and made a specific finding that the "Arkansas Supreme Court has held that in a malpractice case, a defendant is entitled to Summary Judgment when it is shown that the plaintiff has no qualified expert to testify as to the explicable standard of care." The circuit court stated that upon review of the pleadings filed and evidence presented, plaintiff had failed to meet the burden regarding a qualified medical expert.

Five days after the order was entered, appellant filed a supplemental response to appellee's motion for summary judgment, this time including an attached affidavit from Dr. Dale H.

Rice. She also filed a motion for reconsideration and to set aside the May 2, 2007 order granting summary judgment. The circuit court denied both motions in its order filed on May 23, 2007, and appellant filed a timely notice of appeal on May 25, 2007, regarding both the May 2, 2007 and May 23, 2007 orders. This appeal followed.

Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *See Wagner v. General Motors Corp.*, 370 Ark. 268, 258 S.W.3d 749 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See Pakay v. Davis*, 367 Ark. 421, 241 S.W.3d 257 (2006). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* Appellate courts view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *See id.*

Appellant acknowledges that, as the moving party, appellee had fourteen days after her response to his motion for summary judgment was served within which to serve a reply. Appellee waited only three days, filing his reply on April 26, 2007, and the circuit court did not hold a hearing on the motion but granted appellee's motion for summary judgment just nine days later on May 2, 2007. Five days after that, on May 7, 2007, which was only fourteen days after appellant had filed her response, she filed a supplemental response to the motion for summary judgment for the purpose of submitting an affidavit from Dr. Dale H. Rice. Appellant asserts that she, as the non-moving party in the summary judgment proceeding, was entitled to submit supplemental supporting materials at any time within those fourteen days after her response was served.

Rule 56 of the Arkansas Rules of Civil Procedure provides in pertinent part:

> (b) *For Defending Party.* A party against whom a claim, counter-claim, or cross-claim is asserted or a declaratory judgment is sought may move with or without supporting affidavits for a summary

judgment in his favor as to all or any part thereof. Absent leave of court for good cause shown, the party must file any such motion no later than 45 days before any scheduled trial date.

(c) *Motion and Proceedings Thereon.*

(1) The motion shall specify the issue or issues on which summary judgment is sought and may be supported by pleadings, depositions, answers to interrogatories and admissions on file, and affidavits. The adverse party shall serve a response and supporting materials, if any, within 21 days after the motion is served. The moving party may serve a reply and supporting materials within 14 days after the response is served. For good cause shown, the court may by order reduce or enlarge the foregoing time periods.[1] *No party shall submit supplemental supporting materials after the time for serving a reply, unless the court orders otherwise.* The court, on its own motion or at the request of a party, may hold a hearing on the motion not less than 7 days after the time for serving a reply. For good cause shown, the court may by order reduce the foregoing time period.

(2) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law on the issues specifically set forth in the motion. A partial summary judgment, interlocutory in character, may be rendered on any issue in the case, including liability.

(f) *When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

(Emphasis added.) As Rule 56 states, a defending party may move with or without supporting affidavits for a summary judgment in his favor. In the instant case, appellee did submit an affidavit with his

---

[1] Appellee highlights this sentence in the current form of Rule 56(c)(1), from 2007, and points out that the Addition to Reporter's Notes, 2006 Amendment, subdivision (c)(1) was amended to allow a circuit court to *reduce* the time periods for responses and replies rather than to only allow the *enlargement* of the time period.

motion. Appellant was then required to serve a response and supporting materials, if any, within twenty-one days from the date the motion was served. Rule 56 specifically allows the time period to respond to be lengthened by the circuit court for good cause, and in this case, the time period was lengthened on two separate occasions. Once her response was served on April 23, 2007, appellee had fourteen days in which to file a reply, but he filed it only three days later on April 26, 2007.

As highlighted above, Rule 56(c)(1) states that "[n]o party shall submit supplemental supporting materials after the time for serving a reply, unless the court orders otherwise." Appellant asserts that the rule gives the moving party *and* the non-moving party a full fourteen days after the non-moving party's response is served within which to submit supplemental supporting materials. Appellant argues that is precisely what occurred when she filed her supplemental materials on the fourteenth day after filing her response to appellee's motion. Appellant points out that the rule does not indicate that the non-moving party must request or obtain leave from the court in order to submit the supplemental supporting materials. Accordingly, she argues that it was reversible error for the circuit court to grant appellee's motion for summary judgment before the fourteen-day time period for submitting supplemental supporting materials had expired. *See First Nat'l Bank, Gdn. v. Newport Hosp. & Clinic*, 281 Ark. 332, 663 S.W.2d 742 (1984) (where the supreme court held that it was error for the trial court to grant summary judgment in a medical-malpractice case before the plaintiff's interrogatories and requests for production of documents had been answered).

Appellant also refers to the language of Rule 56(c)(1) that states that the circuit court, on its own motion, or at the request of a party, may hold a hearing on the motion not less than seven days after the time for serving a reply. She acknowledges that the circuit court may, by order, reduce this time period, but she reiterates that in the instant case no order reducing that time period was entered.

Finally, appellant asserts that the affidavit of Dr. Dale H. Rice that was attached to her supplemental response to the motion for summary judgment clearly shows that there are genuine issues of material fact and that appellee is not entitled to judgment as a matter of law. She claims that her supplemental supporting materials, specifically Dr. Rice's affidavit, was timely submitted pursuant to Rule 56. Accordingly, she reasserts that the circuit court committed reversible error in prematurely granting appellee's

motion for summary judgment and thereafter by denying her motion for reconsideration and to set aside motion for summary judgment.

Appellee concisely explains the time line of all the pleadings filed in this matter, and additionally points out that appellant failed to file a pleading that could have easily resolved this entire situation. Appellee cites *Jenkins v. International Paper Co.*, 318 Ark. 663, 887 S.W.2d 300 (1994), where our supreme court upheld a grant of summary judgment where the non-moving party failed to file an affidavit substantiating the fact that they were having problems gathering facts to support their opposition to summary judgment, as was their right under Ark. R. Civ. P. 56(f). The supreme court stated that had they done so, the circuit court might well have foregone a decision on summary judgment for an additional period of time pursuant to Rule 56(f) so that other discovery could be pursued. In the instant case, appellant had a significant amount of time, arguably from as early as August 2002, to identify a medical expert to support her claims as required by Ark. Code Ann. § 16-114-206. *See also Spring Creek Living Ctr. v. Sarrett*, 319 Ark. 259, 890 S.W.2d 598 (1995) (reiterating that it is incumbent upon a plaintiff to identify an expert and attach an affidavit or deposition testimony or a physician to respond to a defendant's motion for summary judgment). She failed to do so and further failed to notify the circuit court of the circumstances surrounding her inability to identify a medical expert.

While *Jenkins* dealt with the party's diligence, or lack thereof, in completing discovery, as opposed to obtaining medical expert testimony to refute the moving party's motion for summary judgment, the analysis is analogous. In *Jenkins*, the circuit court acknowledged that the non-moving party failed to exercise due diligence in completing discovery and exacerbated the problem by failing to file an affidavit substantiating the allegation that they were having difficulty gathering the facts to support their opposition to summary judgment as contemplated by Rule 56(f). Appellant likewise never sought this relief, and never afforded the circuit court a basis from which to forego ruling on the motion for summary judgment.

Regarding appellant's argument that she should have been given fourteen days after her response was filed to supplement that response, appellee cites *Southeastern Distributing Co. v. Miller Brewing Co.*, 366 Ark. 560, 237 S.W.3d 63 (2006), where our supreme court looked at a similar issue and reviewed the procedural history

of the case and the pleadings filed therein. The appellee in that case filed a motion for summary judgment, and the appellant obtained a thirty-day extension to file its response. The appellant filed its response on the thirtieth and final day of the extension, and the appellee filed a reply seven days later. The circuit court held a hearing on the motion five days later and subsequently entered an order of summary judgment in favor of the appellee. The appellant then argued that, pursuant to Rule 56, both parties should have been allowed to file supplemental supporting materials for at least fourteen days after it filed its response, which would have been two days after the hearing was held, and that the circuit court was not authorized to hold a hearing until that entire time period had elapsed.

The supreme court clarified that the moving party *may* serve a reply and supporting materials within fourteen days of the service of the non-moving response, and that the circuit court *may* hold a hearing on the motion not less than fourteen days after the time for serving a reply, but that neither is mandatory. *Southeastern Distributing Co., supra.* The supreme court acknowledged that the appellant had received additional time to file its response, and seemed to give the additional thirty days great weight in determining that both parties were provided adequate time to present evidence and argument.

In the instant case, appellant was granted two separate extensions that spanned nearly two months from when the response was originally due; however, nothing in the record reflects that appellant ever gave a reason for her need for the continuances. She failed to request additional time for the specific purpose of trying to obtain a medical expert's opinion. Then after two months of extensions, she finally filed a response, still without supporting materials and with no request for additional time or an explanation of the lack of medical expert testimony. Appellee responded quickly, filing a reply in only three days, and the circuit court entered its ruling a week later. It was not until five days after the entry of the order that appellant finally submitted the requisite affidavit attached to a supplemental response to the motion for summary judgment.

Appellee characterizes appellant's filing as an "impermissible last-minute submission." Appellant failed to timely meet her burden of proof by providing the necessary medical expert testimony to rebut the evidence presented by appellee in support of his motion for summary judgment. There was ample time for her to do so, as well as time to seek additional relief from the circuit

court pursuant to Rule 56(f); she simply did not do so. We hold that no abuse of discretion occurred when the circuit court granted the motion for summary judgment and denied appellant's motion for reconsideration and to set aside the summary judgment.

Affirmed.

ROBBINS and HEFFLEY, JJ., agree.