2009 Ark. App. 332

RWR PROPERTIES, INC., Appellant,

v.

M. Pauline YOUNG, et al., Appellees.

No. CA 08–1013.

Court of Appeals of Arkansas.

April 29, 2009.

Stephen E. Whitwell, North Little Rock, for appellant.

Wright, Lindsey & Jennings, LLP, by: James R. Van Dover, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant RWR Properties, Inc., appeals the May 22, 2008 order of the Jefferson County Circuit Court granting summary judgment in favor of appellees Pauline Young and Richard and Loretta Hudspeth (the Hudspeths). On appeal, appellant contends that the circuit court erred in granting the motions for summary judgment and setting aside the tax sale prior to such time as Ms. Young's deposition could be taken. We affirm.

## Facts

This appeal involves property located in Pine Bluff, Jefferson County, Arkansas, specifically the center lot of three contiguous lots owned for many years by Ms. Young. Ms. Young's home sat on portions of the three contiguous lots, and the mailing address for the home was 1100 North Lee Street, Pine Bluff, Arkansas. In January 1997, Ms. Young decided to move to be near her sister in Missouri, and she contracted to sell her home to the Hudspeths. The Hudspeths arranged to borrow the purchase funds from Weyerhauser Mortgage Company, which in turn engaged Standard Abstract and Title Company (Standard) to prepare the required documents and conduct the closing of the transaction. It is undisputed that in drafting the related warranty deed and deed of trust, Standard omitted the description of the center lot. Accordingly, the record title for the center lot remained with Ms. Young.

In October 1998, the Hudspeths refinanced the mortgage debt on the property through EquiFirst Corporation. EquiFirst also engaged Standard to serve as the closing agent. Again, Standard omitted the description of the center lot when preparing the deed of trust.

It is also undisputed that the 1997 real estate taxes extended against the center lot were not paid. In May 2000, the center lot was certified to the Commissioner of State Lands (Commissioner) as being tax delinquent. On June 30, 2000, the Commissioner sent the required Notice of Delinquent Real Estate Taxes, via certified mail, addressed to Ms. Young, at the Lee Street address. The envelope containing the notice was returned to the Commissioner, unopened and marked "unclaimed." It is undisputed that this single mailing was the only attempt at notice directed to Ms. Young.

Neither a review by the Commissioner nor the Commissioner's records themselves indicated that the Hudspeths held

any interest in the property. Despite that, on June 15, 2001, and prior to the sale, the Commissioner sent a petition to redeem, via regular mail, addressed to the Hudspeths, to the Lee Street address. That petition indicated that Ms. Young was the record owner of the center lot. The petition contained the date of the auction, the parcel number, and the legal description of the center lot. The petition, according to the Commissioner's records, was never returned.

The property did not sell at auction and was thereafter offered at negotiated sale. Prior to that sale, the Commissioner conducted pre-sale research, which resulted in no further information about either the ownership of the property or the location of Ms. Young. On November 30, 2004, the Commissioner accepted appellant's offer of $51.51 for the center lot and executed Limited Warranty Deed No. 149197.

On November 4, 2005, subsequent to the running of the statute of limitations regarding any closing-agent malpractice action Ms. Young might have had against Standard, appellant filed a complaint to quiet title to the center lot and to have Ms. Young's claims, titles, and interests foreclosed. Ms. Young filed an answer to the complaint on January 27, 2006, followed by the Hudspeths filing an answer on February 27, 2006, in response to the warning order. The circuit court allowed the Hudspeths to become a party to the action.

The Commissioner's designee, Lisa Pelton, was deposed by the parties. Her testimony confirmed that the Commissioner, after receiving the unopened, "unclaimed" envelope containing the notice of delinquent real estate taxes addressed to Ms. Young, took no additional steps to assure that Ms. Young received that notice. She did acknowledge that the Commission sent a petition to redeem to the Hudspeths at the same address via regular mail. Appellant did not contradict Ms. Pelton's testimony.

On November 10, 2006, appellant's counsel sent a letter to Ms. Young's counsel requesting dates that Ms. Young would be available to be deposed. On November 28, 2006, appellant's counsel sent a follow-up request to Ms. Young's attorney. On November 29, 2006, Ms. Young's attorney sent a reply to appellant's attorney with the information that appellee was still recovering from late summer back surgery. He indicated that she was unable to travel at the time and still taking pain medication, and suggested that appellant's counsel check back in late January 2007. On February 23, 2007, Ms. Young filed a motion for summary dismissal, and the Hudspeths did likewise on March 7, 2007. Appellant filed a response to both Ms. Young's and the Hudspeths' motions for summary dismissal on March 7, 2007.

Because the motions were accompanied by documents outside the pleadings, the circuit court treated the motions as motions for summary judgment pursuant to Arkansas Rule of Civil Procedure 56. On May 22, 2008, the circuit court granted the motions of Ms. Young and the Hudspeths. Appellant filed a timely notice of appeal on June 20, 2008.

### Standard of Review

The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *See Felton v. Rebsamen Medical Center, Inc.,* 373 Ark. 472, 284 S.W.3d 486 (2008); *Stromwall v. Van Hoose,* 371 Ark. 267, 265 S.W.3d 93 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the

existence of a material issue of fact. *See Felton, supra.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *See id.*

## Discussion

### 1. Discovery Issue

■ Appellant asserts that the primary issue here is whether the circuit court erred in granting summary judgment. Appellant claims it did because summary judgment should not have been granted prior to the time that appellant was able to depose Ms. Young. Appellant cites *First National Bank v. Newport Hospital & Clinic,* 281 Ark. 332, 663 S.W.2d 742 (1984) and *Pults v. City of Springdale,* 23 Ark. App. 182, 745 S.W.2d 144 (1988), for the proposition that summary judgment is improper where discovery has not been completed. In the present case, appellant claims it attempted to take the deposition of Ms. Young with no success. Appellant maintains that the central issue in this case is whether Ms. Young received notice of the pending tax sale, and further claims that there was nothing before the circuit court to indicate that she did not have knowledge of the tax sale. She failed to provide an affidavit stating that she never received notice. Appellant alleges that the circuit court merely assumed that she had no knowledge of the tax sale based upon the return of the letter from the Commissioner "unclaimed." Because there was evidence that the occupants of the property—the Hudspeths—requested and received a petition to redeem the property, appellant urges that the testimony of Ms. Young was critical to the issue before the circuit court. As the moving party in this matter, she bore the burden of showing that there was no genuine issue of material fact. *See Young v. Paxton,* 316 Ark. 655, 873 S.W.2d 546 (1994).

Ms. Young points out that some fourteen-and-a-half months elapsed between the time she filed her motion for summary dismissal on February 23, 2007, and the date the circuit court granted her motion on May 22, 2008. Appellant did nothing over that extended period to compel her deposition by giving the notice provided by Rule 30 of the Arkansas Rules of Civil Procedure (2008), or to ask for a delay in the proceedings by filing an affidavit as prescribed by Rule 56(f) of the Arkansas Rules of Civil Procedure (2008), or to even request a continuance. Appellant did not avail itself of any of these measures at any time before it first complained on March 7, 2007. The response to Ms. Young's motion for summary dismissal, filed on that date, contains the only reference to the unavailability of Ms. Young's testimony. Appellant alleged "that summary judgment is improper at this time because discovery had not been completed. Plaintiff has attempted to arrange for the deposition of Young[,] but she has been unavailable for deposition." Ms. Young states that this response was not verified, did not refer to Rule 56(f), and did not assert appellant's inability to "present by affidavit facts essential to justify opposition."

Even if paragraph nine of appellant's response to Ms. Young's motion for summary dismissal were to be construed to comply with the requirements of Rule 56(f), appellant never took any additional steps to make its predicament known to the circuit court or to seek a ruling on this

issue. Ms. Young maintains that appellant's failure to obtain such a ruling procedurally bars this court from considering the question of whether the circuit court's ruling on the motions for summary dismissal was premature. *See Barker v. Clark,* 343 Ark. 8, 33 S.W.3d 476 (2000).

Upon learning that the Commissioner's efforts to deliver the notice of delinquent real estate taxes to Ms. Young via certified mail had failed, appellant knew that it would be unable to make its prima facie case, or at least meet proof with proof regarding the motions for summary dismissal, without having Ms. Young's testimony. In order to prevail, appellant had to show that Ms. Young received notice of the sale. While the motions for summary judgment were pending, the trial was rescheduled from June 25, 2007, to May 19, 2008, and then to April 14, 2008, before being transferred to the Fifth Division Circuit Court. Ms. Young asserts that these unanticipated delays provided appellant with even more opportunity to notice up her deposition, comply with Rule 56(f), file an explicit motion for a delay or continuance, and request a hearing on the issue. Appellant failed to do even one of these things.

Regarding the specific cases cited by appellant, Ms. Young states that in *First National Bank v. Newport Hospital & Clinic, supra,* the defendants moved for summary judgment after being served with interrogatories and requests for production of documents. Summary judgment was granted without waiting for defendant to respond, but our supreme court vacated the ruling on appeal. Ms. Young distinguishes that case in two respects, (1) it does not mention Rule 56(f) or the defendant's reliance upon it, and (2) she was never served any written discovery or notice for deposition in the instant case.

With respect to *Pults, supra,* Ms. Young argues that the case in no way supports appellant's argument. *Pults* involved the interpretation of a written airport lease and the application of the rule against perpetuities. From our reading of *Pults,* the need for additional facts, the existence of unanswered discovery, the involvement of Rule 56(f), or the improper entry of summary judgment cannot be gleaned from that decision, which simply states that it was proper for the circuit judge to decide the case by summary judgment because no material facts were in genuine dispute.

In summary, Ms. Young asserts that if her testimony was truly "essential to justify [appellant's] opposition" and would have allowed appellant to create a genuine issue of material fact, surely appellant would have "forcefully pursued to the proper courses of self-preservation and protection." We agree. A party cannot successfully resist a motion for summary judgment by ignoring a fact adduced by affidavit or deposition. If the party otherwise entitled to judgment as a matter of law moves for summary judgment and shows that no dispute of material fact exists, the responding party must counter with facts showing the existence of a factual dispute; otherwise, the appellate court must affirm the circuit court's grant of summary judgment. *Golden Tee, Inc. v. Venture Golf Schools, Inc.,* 333 Ark. 253, 969 S.W.2d 625 (1998).

In its response brief, appellant cites *Pledger v. Carrick,* 362 Ark. 182, 208 S.W.3d 100 (2005), in which our supreme court reversed the grant of summary judgment, noting that the appellant was "not denied discovery from the opposing party; however, he was denied the benefit of completing the discovery that, in his opinion, would have allowed him to develop, if obtainable, the necessary proof in this case." *Id.* at 196, 208 S.W.3d at 106. Accordingly, appellant maintains that the issue is not

whether the moving party was at fault in regards to the completion of discovery, but simply whether the discovery was in fact completed. While we do not dispute the analysis in *Pledger*, it does not support appellant's extension of that analysis to hold that a party can simply sit on its hands and do absolutely nothing to further the process along—if so, a party could always prevent summary judgment from being granted for this very reason.

Finally, appellant contends that appellee's argument confuses the issue of who had the burden of proof, maintaining that, as the moving party, Ms. Young had the burden to show that she did not receive notice of the tax sale. Appellant claims that while she put on proof that she did not receive the certified notice sent by the Commissioner, she failed to show that she never received notice through other means. Appellant claims that a fact issue exists, even if the facts are not in dispute, if the facts may result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law. *See Ultracuts Ltd. v. Wal–Mart Stores, Inc.*, 343 Ark. 224, 33 S.W.3d 128 (2000).

As previously stated, once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Rees v. Smith*, 2009 Ark. 169, 301 S.W.3d 467. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* We hold that they did not. Even reviewing the evidence in the light most favorable to appellant—as the party against whom the motion was filed—and resolving all doubts and inferences against the moving party, we hold that appellant failed to meet proof with proof. We cannot say, under the evidence, that reasonable persons might reach different conclusions from those undisputed facts. Accordingly, we affirm the circuit court's grant of summary judgment.

## II. Notice Under Arkansas Code Annotated Section 26–37–301

Appellant also raises an issue regarding the notice requirements of Arkansas Code Annotated section 26–37–301 (Repl.1997), which provides for notice to owners of property regarding a pending tax sale and redemption of realty to be sold, and the applicability of potential "additional reasonable steps" contemplated by the United States Supreme Court in *Jones v. Flowers*, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). The argument before us is whether the additional step of sending the petition to the Hudspeths would qualify as a sufficient follow-up step that might be taken by the Commissioner prior to the forfeiture of property for non-payment of taxes to satisfy the due-process requirements discussed by the United States Supreme Court in *Jones v. Flowers, supra,* and if such an additional step was even necessary under the circumstances.

We hold that summary judgment was appropriate because there was no dispute that notice to Young was a single unclaimed letter sent by certified mail—precisely the notice that the U.S. Supreme Court found constitutionally inadequate in *Jones v. Flowers.* Accordingly, some additional step reasonably calculated to give Young notice was required. Further we hold that a mailing to the Hudspeths did not, as a matter of law, satisfy the requirements of due process.

Affirmed.

HART and KINARD, JJ., agree.