SLIP OPINION

Cite as 2014 Ark. App. 632

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–13–794

| | | |
|---|---|---|
| SHERYL NORRIS | | **OPINION DELIVERED** NOVEMBER 12, 2014 |
| | APPELLANT | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63PR09-372] |
| V. | | |
| | | HONORABLE BOBBY D. McCALLISTER, JUDGE |
| ASHLEY DAVIS | | |
| | APPELLEE | AFFIRMED |

## ROBERT J. GLADWIN, Chief Judge

Sheryl Norris appeals the Saline County Circuit Court's order of May 23, 2013, dismissing her motion to set aside the April 9, 2010 order of distribution filed In the Matter of the Estate of Joseph Earl Patterson, deceased. On appeal, Norris claims that the circuit court erred by granting the dismissal. We affirm.

Norris is the mother of decedent Joseph Earl Patterson. Patterson was the alleged father of K.P., born out of wedlock on October 31, 2007. On December 18, 2009, and subsequent to Patterson's death, Norris filed a petition to establish paternity and for grandparent visitation against appellee Ashley Davis, mother to K.P.[1]

---

[1]There were two children involved in the petition to establish paternity, but only the issue of K.P.'s paternity is pertinent to the instant case.

SLIP OPINION

In a family-settlement agreement (FSA) signed on April 6, 2010, a list of pending litigation, involving the parties herein and others, was set forth. Included in the list was the Pulaski County Circuit Court case of *Sheryl S. Norris v. Ashley Davis*, described as the "Davis Visitation Case." The FSA distributed the assets of the Joseph Earl Patterson Estate, including allowing distribution of one-fourth of the balance to the Estate of K.P. An order approving the FSA was filed on April 9, 2010. In that order, the circuit court found that K.P. was an heir at law of Joseph Earl Patterson.

In her April 3, 2012 "Motion to Set Aside Order Approving Settlement and Objection to Distribution," Norris alleged that since the parties signed the FSA, she had discovered that K.P. was not the natural child of her son, Joseph Earl Patterson. She further claimed that the child's mother, appellee, had made false representations to her, claiming that K.P. was Joseph Earl Patterson's child. Norris claimed that, based on that representation, she signed the FSA. The motion asked that the order and FSA be vacated pursuant to Arkansas Rule of Civil Procedure 60(c)(4), for misrepresentation or fraud. The motion alleged that K.P. had been DNA tested and found to be the natural child of another man, who is now under a child-support order benefitting K.P. Norris claimed that it was unfair to permit K.P. to retain funds fraudulently obtained by the false representations of her mother. On August 27, 2012, Norris filed requests for admissions from Davis.

In her response to Norris's motion to set aside the order of distribution, Davis claimed that Norris's allegations contradicted the letter and spirit of the FSA and that the petition was barred by the following: the statute of frauds; the parol-evidence rule; waiver; res judicata;

2

judicial estoppel; Arkansas Rules of Civil Procedure 59 and 60; collateral estoppel; promissory estoppel; detrimental reliance; accord and satisfaction; release; payment; merger; failure to tender value received as a condition precedent to seeking rescission; laches; the statute of limitations and finality of paternity; mootness; improper joinder; failure of process; lack of standing; and public policy.

She recited portions of the FSA, which states that "they have entered into this Agreement without reliance on any statement or representation of any other Party . . ." and acknowledges that the terms of the agreement were negotiated between the parties. Davis asserted that the question of K.P.'s paternity was the subject of a paternity action filed in Pulaski County, which was resolved by the FSA. She claimed that the paternity action was dismissed as part of the settlement.

On October 31, 2012, Davis responded to Norris's requests for admissions, objecting to six of the fourteen admissions requests. On March 8, 2013, Norris filed a motion for order compelling discovery, alleging that Davis had not responded satisfactorily to her interrogatories and requests for production of documents promulgated on January 8, 2013. The attached answers contained Davis's objections on the basis of numerosity and their being overly burdensome. Further, Davis claimed that the interrogatories were barred by the agreement of the parties. She alleged that the interrogatories were imposed to harass and annoy. Davis also objected on the basis that Norris's discovery was intended to overturn legal proceedings and compromises made years ago and were, therefore, barred by legal and

equitable estoppel, laches, waiver, compromise, payment, accord and satisfaction, res judicata, collateral estoppel, and judicial estoppel.

On March 19, 2013, Davis filed a motion to dismiss Norris's petition to vacate, arguing that the newly discovered evidence of the child's paternity could have been discovered prior to the FSA. Davis further alleged all of the defenses raised in her earlier pleadings. Attached to Davis's motion were pleadings filed in the Pulaski County Circuit Court in the paternity matter filed by Norris.

After a hearing and reviewing the pleadings and law, the circuit court issued a letter opinion on May 16, 2013, finding that res judicata was the most persuasive reason for dismissing Norris's petition. The circuit court stated, "There is nothing in the family settlement agreement that persuades the Court that [K.P.'s paternity] was not at issue, and that it was not a matter that the parties decided to settle." An order was filed on May 23, 2013, dismissing the petition. This appeal timely followed.

In reviewing a circuit court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff. *Chiodini v. Lock*, 2014 Ark. App. 219. Even though appellant contends that the instant case was not dismissed on summary judgment, but on a motion to dismiss, when a trial court is presented with extraneous materials outside the pleadings and does not exclude those materials, a motion to dismiss under Arkansas Rule of Civil Procedure 12(b)(6) shall be treated as one for summary judgment, *King v. French*, 2011 Ark. App. 257, 383 S.W.3d 426,

and the evidence viewed in the light most favorable to the party opposing the motion. *Watkins v. S. Farm Bureau Cas. Ins. Co.*, 2009 Ark. App. 693, 370 S.W.3d 848.

However, when the issues on appeal do not involve factual questions but rather the application of a legal doctrine such as res judicata, we simply determine whether the appellees were entitled to judgment as a matter of law. *Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc.*, 2010 Ark. App. 279, 373 S.W.3d 907 *(citing Linder v. Ark. Midstream Gas Servs. Corp.*, 2010 Ark. 117, 362 S.W.3d 889; *Ruth R. Remmel Revocable Trust v. Regions Fin. Corp.*, 369 Ark. 392, 255 S.W.3d 453 (2007)). A circuit judge's conclusion on a matter of law is reviewed by an appellate court de novo and given no deference on appeal. *Linder, supra.*

The Arkansas Supreme Court has explained res judicata as follows:

> Res judicata has two facets, one being issue preclusion, or collateral estoppel, and the other being claim preclusion. *Mason v. State*, 361 Ark. 357, 206 S.W.3d 869 (2005). The term, res judicata, has sometimes been used to refer only to claim preclusion; however, res judicata encompasses both issue and claim-preclusion. *Id.* Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action. *Id.* Res judicata bars not only the relitigation of claims that were actually litigated in the first suit but also those that could have been litigated. *Jayel Corp. v. Cochran*, 366 Ark. 175, 234 S.W.3d 278 (2006).
>
> . . . When a case is based on the same events as the subject matter of a previous lawsuit, res judicata will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies. [*Riverdale Der. Co. v. Ruffin Bldg. Sys., Inc.,* 356 Ark. 90, 146 S.W.3d 852(2004)]. The key question regarding the application of res judicata is whether the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Id.*

*Remmel Revocable Trust*, 369 Ark. at 402–03, 255 S.W.3d at 461.

Norris contends that the circuit court erred by granting Davis's motion to dismiss. She argues that she filed her motion to set aside the order approving settlement, relying on the circuit court's authority to vacate a judgment after ninety days for fraud practiced by the party who obtained the judgment. *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992); *Brown v. Kennedy Well Works, Inc.*, 302 Ark. 213, 788 S.W.2d 948 (1990) (probate court may vacate an order obtained by fraud). She contends that she specifically pled that the minor child had been DNA tested and is the natural child of another man, who pays child support for the child. She maintains that it is unfair to permit the child to retain funds fraudulently obtained by the false representations of the child's mother and that, clearly, neither she nor the circuit court would have approved settlement to a minor who was not the natural child of Joseph Patterson.

She asserts that the discovery she propounded was in an effort to obtain information to develop "the time line of what [Davis] knew about the paternity and when she knew it." She asserts that she argued to the circuit court at the hearing on the motion to dismiss that discovery was essential for defending the motion to dismiss. She cites several summary-judgment cases for the proposition that a plaintiff is entitled to the benefit of adequate discovery when responding to a motion for summary judgment. *Pledger v. Carrick*, 362 Ark. 182, 208 S.W.3d 100 (2005); *First Nat'l Bank v. Newport Hosp. & Clinic, Inc.*, 281 Ark. 332, 663 S.W.2d 742 (1984); *Locke v. Cont'l Cas. Co.*, 2011 Ark. App. 653; *RWR Props., Inc. v. Young*, 2009 Ark. App. 332, 308 S.W.3d 183; *Neal v. Farris*, 101 Ark. App. 375, 278 S.W.3d 129 (2008). Norris argues that the cases on summary judgment are analogous to her case and

alleges that the claims she made in her petition were as specific as possible without the benefit of discovery.

Davis responds that the circuit court did not err in granting her motion to dismiss. She contends that when the FSA was signed, there were four different actions pending that had been filed by Norris, all arising from the same facts. One of those cases was the paternity action regarding K.P. filed in Pulaski County. By virtue of the FSA, each of these four cases were resolved. However, in her motion to set aside the order of distribution and FSA, Norris claimed that K.P. was not the child of her son.

Davis contends that the FSA provided for numerous items of consideration, including resolution of two probate estates and distribution of part of the estate of Joseph Patterson to Norris and other "heirs." Norris also received resolution of her claims for grandparent visitation with the three minors she claimed to be her grandchildren, including K.P. Davis argues that the FSA is a complete, integrated document that was prepared and edited by three sets of attorneys, including Norris's. Davis contends that the probate court expressly ruled in 2010 that K.P. was an "heir" based on the negotiated FSA that proclaimed her to be an heir.

Davis argues that, pursuant to res judicata, Norris is precluded from relief. We agree, relying on the cases cited by Davis. In *Martin v. Pierce*, 370 Ark. 53, 257 S.W.3d 82 (2007), our supreme court held that Rule 60(c)(4) could not be used as a means to modify a divorce decree establishing paternity. Further, in *Office of Child Support Enforcement v. Williams*, 338 Ark. 347, 995 S.W.2d 338 (1999), our supreme court held that res judicata prevented

relitigation of paternity. Thus, as a matter of law, we affirm the circuit court's application

of res judicata and dismissal of Norris's motion to vacate, as the issue of K.P.'s paternity and

heirship was established by the FSA and order of distribution.

Affirmed.

PITTMAN and WYNNE, JJ., agree.

*Dyer and Jones*, by: *F. Parker Jones, III*, for appellant.

*Vaughan & Friedman Law Firm, PLLC*, by: *Craig D. Friedman*, for appellee.