Doris HUBBARD, Individually and as Administratrix of the Estate of Thelma Hayes, Deceased  *v.*  NATIONAL HEALTHCARE of POCAHONTAS, INC., d/b/a Randolph County Medical Center

07-423                                         267 S.W.3d 573

Supreme Court of Arkansas
Opinion delivered November 8, 2007

Rees Law Firm, by: *David Rees*; *Woodruff Law Firm, P.A.*, by: *Arlon L. Woodruff*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *John Dewey Watson, Jason B. Hendren*, and *J. Adam Wells*.

DONALD L. CORBIN, Justice. Appellant Doris Hubbard, individually and as administratrix of the estate of Thelma Hayes, deceased, appeals the Randolph County Circuit Court's order granting summary judgment in favor of Appellee National Healthcare of Pocahontas, Inc., d/b/a Randolph County Medical Center. On appeal, Appellant raises three arguments for reversal: (1) the circuit court erred in granting summary judgment where the complaint, on its face, was not barred by the statute of limitations; (2) Appellant, as special administratrix, was not required to have letters of administration executed to have authority to file a malpractice action; and (3) the circuit court erred in granting summary judgment where, by order of appointment, Appellant was authorized to file an action. This court assumed jurisdiction of this case pursuant to Ark. Sup. Ct. R. 1-2(b)(6). We find no error and affirm.

On April 9, 2003, Appellant filed this wrongful-death and survival action alleging medical negligence on the part of Appellee

relating to care provided to Hayes, which proximately caused Hayes's death in September 2002. Attached to the complaint was a signed order appointing Appellant as special administratrix of Hayes's estate. On April 25, 2003, both Appellant's petition for appointment of special administratrix and the circuit court's order of appointment were filed of record. On April 29, 2003, Appellee filed a response in which it denied all of Appellant's allegations. Appellee also raised numerous affirmative defenses, including that Appellant's allegations were barred by the applicable statute of limitations.

Then, on October 26, 2006, Appellee filed a motion for summary judgment. Specifically, Appellee claimed that Appellant lacked standing to bring the claims alleged in the complaint when it was filed. Therefore, Appellee argued, Appellant never properly commenced an action and her claims were now time barred by the applicable two-year statute of limitations, which expired in September 2004. On December 28, 2006, after a hearing on the matter, the circuit court granted Appellee's motion for summary judgment and the case was dismissed with prejudice. This appeal followed.

The law is well settled that summary judgment is to be granted by a circuit court when there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *See Stromwall v. Van Hoose*, 371 Ark. 267, 265 S.W.3d 93 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *See id.*

This case involves both a wrongful-death and a survival action based upon Appellee's alleged medical negligence. Under Ark. Code Ann. § 16-62-101 (Repl. 2005) only the administrator can file a survival action. Furthermore, pursuant to Ark. Code Ann. § 16-62-102(b) (Repl. 2005),

[e]very [wrongful-death] action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.

Thus, the wrongful-death code does not create an individual right in a beneficiary to bring suit, and where no personal representative has been appointed, a wrongful-death suit must be filed with all of the heirs at law of the deceased joined as parties to the suit. *See Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002).

In the present case, Appellant filed suit individually and as administratrix of the estate. Appellant could not bring this suit individually. *See id.* Additionally, Appellant did not join all the heirs at law as parties to the suit. Although the complaint stated that Appellant was also bringing this suit on behalf of the decedent's heirs, whom she went on to name, none of these heirs at law were actually named as parties to the complaint. Therefore, only the appointed personal representative could bring the wrongful-death action. Also, because this suit included a survival claim, it could only be brought by the administrator. *See id.* Consequently, the primary issue is whether Appellant had standing as the duly-appointed administrator.[1]

On appeal, Appellant argues that she had standing because (1) she was not required to have letters of administration executed to file this medical-malpractice action, and (2) by order of appointment, she was authorized as the administratrix to file an action. Appellee responds that the lack of letters of administration is not the fatal flaw; rather, the failure to file a petition to allow the court to grant her authority by an order and the entry of the order by filing it in the probate records rendered the complaint a nullity because Appellant lacked standing.

First, letters of administration were not required to be executed in order to file suit. Since entry of the December 28 order, this issue has been addressed by both the legislature and this court. Specifically, the 2007 General Assembly enacted Act 438, which amended Ark. Code Ann. § 28-48-102 to state, "Letters of

---

[1] Appellant does not argue standing as her first point of appeal; however, the question of standing is a threshold issue that must be addressed first. *See Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007).

administration are not necessary to empower the person appointed to act for the estate." Ark. Code Ann. § 28-48-102(d)(1)(A) (Supp. 2007). Section 28-48-102(d)(2) also provides that "[t]he order appointing the administrator empowers the administrator to act for the estate, and any act carried out under the authority of the order is valid." In *Steward v. Statler*, 371 Ark. 351, 356, 266 S.W.3d 710, 714 (2007) (emphasis added), we determined that this statute was meant to be retroactively applied and explained that "Act 438 declares letters of administration to be unnecessary *so long as* there is an order appointing the administrator." *Id.* (Emphasis added.) Thus, "the personal representative has the right to bring the action at the time the order appointing the personal representative is entered, not merely at the time the letters of administration are entered." *Id.* at 354, 266 S.W.3d at 714. Therefore, it is clear that letters of administration were not required for Appellant to file the present cause of action.

This case boils down to whether the order appointing Appellant as special administratrix had been entered at the time this cause of action was brought. It is well settled that an "order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book." Administrative Order No. 2(b)(2). *See also* Ark. R. Civ. P. 58 ("A judgment or decree is effective only when so set forth and entered as provided in Administrative Order No. 2."). Furthermore, it is equally clear that the personal representative of the estate has the authority to act on behalf of the estate when the order of appointment is entered. *See Steward*, 371 Ark. 351, 266 S.W.3d 710 (explaining that the appellants were empowered to act on behalf of the estate when the order was entered or filed). *See also* Admin. Order No. 2; Ark. R. Civ. P. 58.

In the present case, Appellant filed her complaint on April 9, 2003. Attached to this complaint, as an exhibit, was a copy of an order of appointment, purportedly signed by the circuit judge on March 25, 2003. The order was not stamped or marked as filed in any way. On April 25, 2003, both Appellant's petition for appointment of special administratrix and the order of appointment were filed. It is undisputed that the order was not entered until after Appellant filed her complaint. Rather, Appellant argues that (1) the order was filed as an exhibit to the complaint; (2) the order, upon filing, granted her the authority as of the date of execution by

the court; and (3) an order of special administratrix is not an appealable order and therefore not subject to Administrative Order No. 2 and Rule 58. Appellant's arguments are without merit.

▆ First, Appellant claims that, because the order was attached as an exhibit to the filed complaint, it had been "stamped to the extent [that] it is stamped as part of the Complaint, filed by the clerk of the Court" and "[t]he rules do not require each page to be marked stamped." Appellant does not cite to any legal authority for this proposition, but rather seems to assert that if the order of appointment must be "stamped" then it was since it was attached to the "stamped" complaint. This argument is not only contrary to our established rules that an *order* is *effective when stamped*, but it is also unconvincing and unsupported by legal authority. *See Stromwall*, 371 Ark. 267, 265 S.W.3d 93 (explaining that this court refuses to consider arguments not supported by convincing argument or citation to legal authority).

▆ Appellant next argues that the order, upon filing, granted her authority as of the date of execution by the circuit court. Essentially, Appellant is claiming that the order was effective when the circuit court issued or signed the order, even if the order was filed at a later date. As with her previous argument, Appellant fails to cite to any legal authority or provide a convincing argument to support her proposition. Therefore, this argument cannot be addressed. *See id.*

Appellant's final argument is that an order of special administratrix is not an appealable order, and therefore is not subject to Administrative Order No. 2 and Rule 58. Specifically, Appellant claims that an order appointing special administrator is merely the court granting a statutory power, and it in no way creates a judgment or affects property such that it does not have to be filed to give life to the power it granted. This argument is without merit and is clearly contrary to the rule that an order is not entered until it is marked "filed." *See* Admin. Order No. 2. *See also Filyaw v. Bouton*, 87 Ark. App. 320, 191 S.W.3d 540 (2004) (rejecting the appellant's argument that Rule 58 and Administrative Order No. 2 do not apply because an order appointing a special administrator is nonappealable, and holding that the order must be filed with the clerk to be effective).

█ The order appointing Appellant was not effective until it was filed on April 23, almost two weeks after the complaint was filed. Therefore, at the time Appellant filed this cause of action against Appellee, she was not the administrator of the estate and did not have standing to pursue the claim against Appellee. The complaint filed on April 9 was, thus, a nullity. *See also St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County*, 348 Ark. 197, 73 S.W.3d 584 (2002) (holding that a pro se complaint filed by the deceased's parents and two of his sisters within the two-year statute of limitations period, even though at the time it was filed the probate court had already appointed an administrator of the estate, the complaint was a nullity because the pro se plaintiffs were without standing).

Appellant's final argument is that the circuit court erred in granting summary judgment and dismissing the cause of action because the complaint, on its face, was not barred by the statute of limitations. Specifically, she claims that, for the purposes of a motion for summary judgment, the circuit court was to look at the complaint on its face and if the full statute of limitations did not run before the filing of the complaint, then the motion should have been denied.

█ First, it should be noted that Appellant incorrectly states that the circuit court was only to look at the face of the complaint to determine if the statute of limitations was violated. This would be true if this were a motion to dismiss; however, in this case Appellee filed a motion for summary judgment. As stated above, in considering a summary judgment motion, our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *See Stromwall*, 371 Ark. 267, 265 S.W.3d 93.

Second, in Arkansas, a medical-malpractice action must be brought within two years of the date of the wrongful act complained of and no other time. Ark. Code Ann. § 16-114-203 (Repl. 2006). The medical-malpractice act applies to all causes of action for medical injury arising after April 2, 1979, including wrongful-death and survival actions arising from the death of a patient. *See St. Paul Mercury Ins. Co.*, 348 Ark. 197, 73 S.W.3d 584. Moreover, a party who relies upon a statute of limitations as a defense to a claim has the burden of proving that the full statutory period has run on the claim before the action was commenced. *See Bomar*, 369 Ark. 123, 251 S.W.3d 234.

■  In the present case, Appellant's complaint was a nullity because she did not have standing. Consequently, because Appellant never attempted to rectify or refile the action prior to the running of the statute of limitations, the circuit court did not err in granting summary judgment as the statute of limitations had expired in 2004, two years before the court's December 28, 2006 order dismissing with prejudice Appellant's case.

Affirmed.