2011 Ark. App. 722

Kenneth SMITH, Jr., and Geraldean Smith, as Co–Special Administrators of the Estate of Mark Anthony Smith, Appellants

v.

REBSAMEN MEDICAL CENTER, INC., et al., Richard Young, M.D., and James Landry, M.D., Appellees.

No. CA 11–257.

Court of Appeals of Arkansas.

Nov. 30, 2011.

Rehearing Denied Jan. 11, 2012.

James Gerard Schulze, Ruthanne Nash Murphy and James E. Keever, Little Rock, for appellant.

Roy Thomas Beard III, David Parker Glover and Scott D. Provencher, Little Rock, for appellee.

ROBERT J. GLADWIN, Judge.

The Pulaski County Circuit Court dismissed the medical-malpractice case filed by appellants, Kenneth Smith, Jr., and

Geraldean Smith, as co-special administrators of the estate of Mark Anthony Smith, by granting summary judgment on November 10, 2010, to appellees Rebsamen Medical Center and the other medical providers included as defendants in the lawsuit.[1] Appellants argue on appeal that the circuit court erred by disregarding the nunc pro tunc order filed in a separate probate action. We agree and reverse the circuit court's summary-judgment order.

Appellants moved in probate court to be appointed co-special administrators of the estate of Mark Anthony Smith, and the order appointing them was signed on May 26, 2010. However, the order was not file-marked in the clerk's office until May 28, 2010. In the meantime, appellants filed their medical-malpractice case against appellees in circuit court on May 26, 2010, with the mistaken information that the order appointing them co-special administrators had previously been filed in the probate case.

When appellees moved for summary judgment on August 9, 2010, they argued that appellants lacked standing to have filed the lawsuit against them because the order appointing appellants as co-administrators of the decedent's estate in the probate matter was filed two days after the malpractice suit was filed. Further, they argued that appellants were forever barred from bringing suit against them because the applicable two-year statute of limitations had run. On August 12, 2010, appellees filed a motion for order nunc pro tunc in the probate case. The probate court granted the order, deeming that the order appointing co-special administrators was filed as of 9:00 a.m., May 26, 2010, which precedes the filing of the malpractice complaint.

Appellants responded to appellees' motion for summary judgment in the malpractice case, arguing that the nunc pro tunc order removed the basis for appellees' summary-judgment motion. Appellees refuted appellants' arguments, mainly claiming that the nunc pro tunc order prejudiced their rights as innocent third parties. The circuit court agreed with appellees and granted summary judgment, dismissing the cause of action for medical negligence against all of the defendants with prejudice. After an order was entered on December 6, 2010, dismissing any claims left open after the summary-judgment order was filed, a timely notice of appeal was filed, and this appeal followed.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated and the moving party is entitled to judgment as a matter of law. *Bridges v. Shields*, 2011 Ark. 450, 385 S.W.3d 176. The question for this court to decide is whether the circuit court ruled correctly on the question of law presented.

In paragraph 6 of its summary-judgment order, the circuit court ruled:

On the date the Complaint was filed in this matter the plaintiffs had no legal standing to bring this action. The Com-

---

1. The style of Pulaski County Circuit Court case no. CV 2010–2908 is as follows:

Kenneth Smith, Jr., and Geraldean Smith, as Co–Special Administrators of the Estate of Mark Anthony Smith, Deceased and on behalf of the Wrongful Death Beneficiaries of Mark Anthony Smith v. Rebsamen Medical Center, Inc., d/b/a North Metro Medical Center; Proassurance Indemnity Company, Inc., a/k/a Proassurance Corporation and f/k/a The Medical Assurance Company, Inc.; Richard Young, M.D.; James Landry, M.D.; Patricia Cameron, RN; Quorum Health Resources, LLC, f/k/a Quorum Health Resources, Inc. and Allegiance Health Management, Inc., Pulaski Emergency Group, LLC, and John and Jane Does A through Z.

plaint was a nullity. *See, Hackleton [Hackelton ] v. Malloy,* 364 Ark. 469[, 221 S.W.3d 353] (2006). Lack of standing cannot be cured utilizing any "relation back" provisions of the Arkansas Rules of Civil Procedure for any cause of action for which the limitations period had expired at the time of entry of the August 12, 2010 nunc pro tunc Order.

The law referring to "relation back" is contained in Rule 15(c)(1)-(2) of the Arkansas Rules of Civil Procedure (2011), and states as follows:

> An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Arkansas Supreme Court stated in *Francis v. Protective Life Ins. Co.,* 371 Ark. 285, 265 S.W.3d 117 (2007), that

> Arkansas Rule of Civil Procedure 60 and case law extending back over 150 years give circuit courts the authority to correct a clerical mistake in an order at any time with a nunc pro tunc order, used to "make the record speak now what was actually done then." *See* Ark. R. Civ. P.

60 (2007); *Lord v. Mazzanti,* 339 Ark. 25, 2 S.W.3d 76 (1999); *Bridwell v. Davis,* 206 Ark. 445, 447, 175 S.W.2d 992, 994 (1943). A circuit court is permitted to enter a nunc pro tunc order when the record is being made to reflect that which occurred but was not recorded due to a misprision of the clerk. *Rossi v. Rossi,* 319 Ark. 373, 892 S.W.2d 246 (1995). This court has defined a true clerical error, one that may be corrected by nunc pro tunc order, as "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Luckes v. Luckes,* 262 Ark. 770, 772, 561 S.W.2d 300, 302 (1978).

*Id.* at 293, 265 S.W.3d at 123.

Appellants argue that, even had the nunc pro tunc order been improper under Rule 60, appellees herein had no authority to challenge that order in the malpractice case. Appellants claim that the nunc pro tunc order was inappropriately disregarded when the malpractice case was dismissed. They cite *Edwards v. Nelson,* 372 Ark. 300, 275 S.W.3d 158 (2008), as dispositive of the issue.

In *Edwards,* the Arkansas Supreme Court held that the trial court, in a wrongful-death action brought on behalf of a patient's estate, lacked jurisdiction to decide the validity of a probate order appointing the patient's son as administrator of the estate. *Id.* at 304, 275 S.W.3d at 162. Further, the trial court could not dismiss the wrongful-death action on the ground that the son was ineligible to serve as administrator and lacked the authority to file the wrongful-death action. *Id.* Appellants contend that appellees herein engaged in the same impermissible collateral attack on the probate order. We agree. When the trial court entertained the collat-

eral attack in the malpractice case, the authority of the probate order was usurped. In other words, by finding that appellants did not have the authority to act on May 26, 2010, the trial court in the malpractice case refused to acknowledge the authority of the probate court's nunc pro tunc order.

 Appellees claim that the trial court properly granted summary judgment because the wrongful-death complaint was a nullity on the date it was filed. Arkansas law is clear that a wrongful-death action shall be brought by and in the name of the personal representative of the deceased person. Ark.Code Ann. § 16–62–102(b) (Repl.2005). Additionally, "[i]f there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." *Id.* The law is also clear that the personal representative has the right to bring the action at the time the order appointing the personal representative is entered. *Hubbard v. National Healthcare of Pocahontas, Inc.,* 371 Ark. 444, 267 S.W.3d 573 (2007). Finally, an order is entered when so stamped or marked by the clerk, irrespective of when it is recorded in the judgment record book. *Hubbard,* 371 Ark. at 449, 267 S.W.3d at 576.

 Appellees contend that, at the time appellants filed the malpractice complaint, they did not have standing to pursue the claim, making the malpractice complaint a nullity, citing *Hubbard, supra.* Further, appellees argue that the statute of limitations had run on June 16, 2010, which is before the nunc pro tunc order was filed on August 12, 2010. *See* Ark.Code Ann. § 16–114–203(a) (Repl.2006) (where all actions for medical injury shall be commenced within two years after the cause of action accrues). Thus, appellees contend that the trial court properly dismissed the complaint.

We disagree. In *Hubbard,* our supreme court did not consider the effect that a nunc pro tunc order in the related probate matter would have had on the issue of standing to file the malpractice complaint. The *Hubbard* court stated:

In the present case, Appellant filed her complaint on April 9, 2003. Attached to this complaint, as an exhibit, was a copy of an order of appointment, purportedly signed by the circuit judge on March 25, 2003. The order was not stamped or marked as filed in any way. On April 25, 2003, both Appellant's petition for appointment of special administratrix and the order of appointment were filed. It is undisputed that the order was not entered until after Appellant filed her complaint. Rather, Appellant argues that (1) the order was filed as an exhibit to the complaint; (2) the order, upon filing, granted her the authority as of the date of execution by the court; and (3) an order of special administratrix is not an appealable order and therefore not subject to Administrative Order No. 2 and Rule 58. Appellant's arguments are without merit.... The order appointing Appellant was not effective until it was filed on April 23, almost two weeks after the complaint was filed. Therefore, at the time Appellant filed this cause of action against Appellee, she was not the administrator of the estate and did not have standing to pursue the claim against Appellee. The complaint filed on April 9 was, thus, a nullity.

*Hubbard,* 371 Ark. at 449–51, 267 S.W.3d at 576–77.

Appellees next claim that the trial court properly disregarded the nunc pro tunc order. They claim that, while the nunc pro tunc order retroactively changed the date when appellants became co-special administrators, the order cannot be used to avoid summary judgment in this case

for multiple reasons. First, appellees claim that the nunc pro tunc order is not enforceable in this case because it would affect the rights of innocent third parties. Appellees contend that, contrary to appellants' claim on appeal, an order nunc pro tunc does not apply universally, and it cannot be enforced against innocent third parties like the |₇appellees in this case, citing *Ozment v. Mann*, 235 Ark. 901, 363 S.W.2d 129 (1962), and *Melton v. St. Louis, I. M. & S. Ry. Co.*, 99 Ark. 433, 139 S.W. 289 (1911). Both of these cases cite the rule that nunc pro tunc orders are not to prejudice innocent third parties.

■ Appellees argue that, as innocent third parties, their rights in the instant case have been prejudiced by the nunc pro tunc order entered in the probate case. However, neither *Melton* nor *Ozment* define "innocent third parties," and we do not believe that appellees can be described as such. The appellees were not parties to the probate case and have no legally recognizable interest in how the probate action is managed. Appellees are not prejudiced by the nunc pro tunc order because their rights have not been violated by it. Appellees do not have a right to exploit a technical deficiency that has been cured by an applicable court order.

Second, appellees claim that *Edwards, supra*, does not support appellants' argument. Appellees contend that *Edwards* stands for the rule that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, subject only to the appellate authority, until the matter is finally and completely disposed of, and that no court of coordinate authority is at liberty to interfere with its action. *Edwards*, 372 Ark. at 303, 275 S.W.3d at 161. Appellees argue that *Edwards* is distinct from this case because the trial court here did not void or invalidate any order of the probate court.

Rather, appellees contend that the trial court herein simply refused to allow the order of the probate court to "usurp the authority" of the trial court and affect the rights of an innocent third party. We fail to see the distinction. By choosing to ignore the nunc pro tunc order, the circuit court effectively invalidated the order, which was beyond its jurisdiction to do.

|₈Third, appellees contend that the questionable basis for the nunc pro tunc order further illustrates why the trial court's ruling must be affirmed. However, after much argument, they acknowledge that they are not permitted to attack the validity of the probate court's order.

Fourth, appellees contend that, even if the nunc pro tunc order were enforceable in this matter, it would not correct appellants' jurisdictional shortfall. They argue that the relation-back provision of Rule 15 does not apply to cure standing defects. They state that, while Arkansas appellate courts have not addressed the specific issue of whether a nunc pro tunc order can do what relation back cannot do—cure a lack of standing at the time the complaint was filed—courts in other jurisdictions have rejected the notion, citing an Alabama case.

However, this case does not involve relation back under Rule 15. It involves the question of when the administrators' power became effective. The probate court's order nunc pro tunc grants authority to the administrators as of May 26, 2010, at 9:00 a.m. Therefore, any action performed after that time was effective. By determining that the filing of the malpractice complaint was ineffective, the circuit court in this action disregarded the probate court's order, adjudicating a challenge of the administrators' appointment in the probate action. *Edwards, supra*, makes clear that the circuit court in this case was

without jurisdiction to determine the validity of the probate order.

Reversed and remanded.

ROBBINS and HOOFMAN, JJ., agree.